114 So.2d 229 (1959)
NATIONAL AIRLINES, INCORPORATED, a Florida corporation, Appellant,
v.
Paul I. METCALF, Jr., Appellee.
No. 58-665.
District Court of Appeal of Florida. Third District.
August 13, 1959.
*230 Scott, McCarthy, Preston, Steel & Gilleland, Miami, for appellant.
Hoffman, Kemper & Johnson, Miami, for appellee.
HORTON, Chief Judge.
This appeal is from an order dismissing a complaint for declaratory relief upon the ground that the court did not have jurisdiction of the subject matter.
The complaint alleges substantially the following facts. The appellant is engaged in interstate transportation of passengers and freight by air. The appellee was an employee of the appellant, whose services with the appellant were governed by the provisions of a collective bargaining agreement dated August 30, 1955, between the appellant and the Airline Agents Association International. The agreement provided that certain disputes arising between the appellant and its employees must be referred *231 to the System Board of Adjustment created by the agreement between the parties. The appellant further alleges that on August 16, 1956, it was forced to suspend operations because of an anticipated strike by airline pilot employees, and as a result thereof, the appellee was laid off for a period of ten days. The appellee contended the layoff constituted a "lock-out" in violation of the collective bargaining agreement. The dispute was in due course heard by the System Board of Adjustment as provided by the collective bargaining agreement, which Board rendered an opinion and an award in favor of the appellee. The appellee was awarded two days' pay.
The appellant alleges and contends that the decision and award of the Board are void, illegal, invalid and of no force and effect because:
"(a) The award clearly reveals that it went beyond the issues submitted to the Board by the letter of submission.
"(b) The award exceeded the jurisdiction of the Board.
"(c) The award manifestly disregards the law.
"(d) The award is so arbitrary and capricious that it amounts to a deprivation of procedural due process.
"(e) The award reveals on its face that it is grounded upon a mistake of a pure question of law.
"(f) The award is inconsistent with the finding of fact as contained in the attached opinion."
The complaint then concludes that the appellant, by reason of the award, is in doubt as to its rights and requests the court to declare the rights of the parties under the award and to declare the award null and void. Attached to the complaint are copies of the collective bargaining agreement, the agreement creating the Board of Adjustment, the opinion of the Board of Adjustment and the award.
The appellant poses one question raised by its assignments of error, namely, whether a state court has jurisdiction to review an award of an Airlines System Board of Adjustment formed pursuant to the Railway Labor Act (45 U.S.C., U.S.C.A., § 184).
The general purpose of the Railway Labor Act is to promptly settle disputes between labor and management growing out of grievances or the interpretation of collective bargaining agreements. See 45 U.S.C.A. § 151a. To facilitate this purpose, the Act (§ 153) established a National Railroad Adjustment Board to hear disputes between railroad employers and employees with an optional provision authorizing the creation of system, group or regional boards. The Act was amended to include carriers by air (see 45 U.S.C., U.S.C.A., §§ 181-188). The provisions of the Railway Labor Act, as found in §§ 151, 152 and 154-163, were extended to air carriers by § 181 of the Act. Section 184 required the air carriers and their employees to establish a board of adjustment with jurisdiction not exceeding the jurisdiction which would lawfully be exercised by a system, group or regional board of adjustment under the authority of § 153 Second.
Although the jurisdictional limits of § 153 Second are adopted by reference in § 184, it becomes apparent that it was the congressional intent to exclude the provisions of § 153 First from application to air carriers as these provisions applied in a unique manner to railroads only. Section 185 provides for the creation of the National Air Transport Adjustment Board when such shall be deemed necessary by the National Mediation Board. This contingency has never arisen, thus the air industry at the present time has only an administrative agency to hear employer-employee disputes created by contract between each carrier and the bargaining agency for the employees. Insofar as the Railway Labor Act applies to the airlines, there is no procedure set forth for judicial *232 review or enforcement of awards from these system boards of adjustment. To summarize, the railroad industry has a federal agency which hears all employer-employee disputes with a specific method of procedure and a limited judicial review, while the air industry has only the system boards created by contract on the local level with no prescribed procedure for judicial review. See MacIntyre, The Railway Labor Act  A Misfit for the Airlines, 19 J. Air L. & Co. 274.
Since the federal courts have only such jurisdiction as is given them by the Constitution or by Congress, it becomes apparent that no provision has been made whereby an airlines employee could enforce a money award from the System Board of Adjustment in the federal court in a manner similar to that provided for railroad employees under § 153, First (p). In the case of Missouri-Kansas-Texas Railroad Company v. National Railroad Adjustment Board, D.C., 128 F. Supp. 331, it is noted that Section 3 First (p) of the Railway Labor Act, providing for judicial enforcement of Awards, did not in any way limit the previously existing jurisdiction of the federal court, but extended that jurisdiction to cases to which it had not previously applied.
In the absence of any specific grant of jurisdiction to the federal courts to enforce awards of the airlines system boards of adjustment, it would appear that the federal courts lack such jurisdiction.
The question presented by this appeal is not directed to the enforcement of a money award to an employee but seeks a declaratory decree of the rights of the parties growing out of the contract resulting in the award. The contract under which the System Board of Adjustment was created provided that "decisions of the Board in all cases properly referable to it shall be final and binding upon the parties hereto." Accordingly, neither the federal courts nor the state courts would be authorized in re-trying the merits of the controversy. However, the agreement to arbitrate these disputes and be bound by the award does not preclude a review of procedural due process and jurisdictional limitations. In Farris v. Alaska Airlines, D.C., 113 F. Supp. 907, 908, the court noted its limited review as follows:
"Judicial inquiry is therefore at an end once it is determined: (1) That the Board's procedure and the award conformed substantially to the statute and the Agreement, (2) That the award confined itself to the letter of submission, and (3) That the award was not arrived at by fraud and corruption."
See also Washington Terminal Co. v. Boswell, 75 U.S.App.D.C. 1, 124 F.2d 235, at pages 239-240. Thus it can be seen in the case at bar that the attack on the award which goes to the errors of law and fact is not subject to judicial review. The contract provided that the award shall be final and binding upon the parties which is consistent with the aims and purposes of the Railway Labor Act. See Comment, 51 Nw.U.L.Rev. 596.
The claims that the Board exceeded its jurisdiction by considering issues not submitted and that the award is so arbitrary and capricious as to deny procedural due process would, we think, be subject to review. Courts have universally examined arbitration awards for these defects despite any requirements of finality. Cf. Fla. Stat., F.S.A., § 57.22. See Sturges, Commercial Arbitrations and Awards, §§ 361, 367.
Finally, we are presented with the question of federal jurisdiction as opposed to state jurisdiction. Although this contract was executed pursuant to federal law, the complaint did not seek a construction of the statute but an interpretation of the rights growing out of the contract. As such, no federal question was presented. Furthermore, both parties were residents of Florida, thus eliminating any basis for jurisdiction in the federal courts.
It is well settled that a right created by federal statute does not require the exercise *233 of federal jurisdiction in all litigation arising therefrom. If the litigation concerns only the private rights between the parties and not a construction of the Constitution or any federal statute, the state court is the proper forum. See Malone v. Gardner, 4 Cir., 62 F.2d 15; Burke v. Union Pacific R. Co., 10 Cir., 129 F.2d 844; Toledo P. & W.R.R. v. Brotherhood of R.R. Trainmen, etc., 7 Cir., 132 F.2d 265.
In Slocum v. Delaware L. & W.R. Co., 339 U.S. 239, 70 S.Ct. 577, 580, 94 L.Ed. 795, the Supreme Court held that the state court could not declare and construe the collective bargaining agreement to the extent that it would amount to a determination of the merits of the dispute. It was there pointed out: "* * * the jurisdiction of the Board to adjust grievances and disputes of the type here involved is exclusive." It must be noted that in the instant case, the parties have proceeded under the Act and exhausted their administrative remedies with the resulting award. The interpretation here sought concerns the jurisdiction of the Board to hear the dispute under the terms of a private contract and the question of procedural due process. This in no way involves a determination of the merits of the dispute.
Accordingly, the cause is reversed and remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
PEARSON and CARROLL, CHAS., JJ., concur.