Paul I. METCALF, Jr., Appellant,

v.

NATIONAL AIRLINES, INCORPORATED, Appellee.

No. 17773.

United States Court of Appeals
Fifth Circuit.

Dec. 1, 1959.

Wyatt Johnson, Miami, Fla., Hoffman, Kemper & Johnson, Miami, Fla., for appellant.

Alfred L. McCarthy, Miami, Fla., Scott, McCarthy, Preston, Steel & Gilleland, Miami, Fla., for appellee.

Before RIVES, Chief Judge, and TUTTLE and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from an order dismissing the complaint of Metcalf suing for "two days pay" as a clerical employee of appellee, National Airlines, Inc. Both parties are residents of Florida. Thus no jurisdiction rests in the Federal courts to entertain this suit by reason of diversity of citizenship or because it "arises under the constitution, laws, or treaties of the United States."[1] The single question thus posed, is agreed to by the parties:

> "May an airline employee sue under 45 U.S.C.A. 153(p) in federal district court to enforce the award of an airline system board of adjustment established under 45 U.S.C.A. 184?"

The complaint in this case alleged that the appellant was a clerical worker who had been laid off without the requisite notice provided for in the collective bargaining agreement in effect between employees and the airline; that all the required procedural steps had been taken and the dispute thus arising had been submitted to the system's adjustment board; that the board had made an award of "two days pay" to appellant, but that the company had failed and refused to make payment.

The theory on which appellant contends that he is entitled to bring his action in the district court is that the Railway Labor Act, 45 U.S.C.A. § 153, sets up a National Railway Adjustment Board; that disputes of the kind here involved relating to the construction of collective bargaining agreements, if not settled within the company's grievance procedures, may be taken by either party to this National Adjustment Board; that if its order is not complied with by the carrier then under the express provisions of subsection (p) of Section 153 the employee is given the

---

1. Jurisdiction under 28 U.S.C.A. § 1331 is, of course, also dependent on the presence of the jurisdictional amount of $10,000 ($3,000 at the time this suit was filed).

right to sue on the award in the federal district court; finally that Congress has made these provisions of the Railway Labor Act applicable to like situations arising in the air industry.

The fallacy with this reasoning is that the provision of the law which makes the National Railway Labor Act applicable to air carriers and their employees is couched in this language:

"Application of sections 151, 152, and 154–163 to carriers by air.

"All of the provisions of sections 151, 152, and 154–163 of this title are extended to and shall cover every common carrier by air engaged in interstate or foreign commerce, and every carrier by air transporting mail for or under contract with the United States Government, and every air pilot or other person who performs any work as an employee or subordinate official of such carrier or carriers, subject to its or their continuing authority to supervise and direct the manner of rendition of his service." 45 U.S.C.A. § 181.

"Same; duties, penalties, benefits, and privileges.

"The duties, requirements, penalties, benefits, and privileges prescribed and established by the provisions of sections 151, 152 and 154–163 of this title shall apply to said carriers by air and their employees in the same manner and to the same extent as though such carriers and their employees were specifically included within the definition of 'carrier' and 'employee', respectively, in section 151 of this title." 45 U.S.C.A. § 182.

The significant thing here is that Section 153 of the Railway Labor Act, which is omitted from those which are thus made applicable, is the section which contains subsection (p) which confers federal jurisdiction for suits on awards by the National Railway Labor Adjustment Board. Moreover, instead of enacting provisions for the air industry similar to those of Section 153 relating to railroads Congress enacted Sections 184 and 185, which, in substance, required every carrier and its employees to create a board of adjustment "of jurisdiction not exceeding the jurisdiction which may be lawfully exercised by *system, group, or regional* boards of adjustment,[2] under the authority of section 153 of this title." (Emphasis added.)

Congress made even more clear that it was not elevating to the same rank the status of an award by such *system* board in the airline industry as was granted to an award of the *National* Railway Labor Adjustment Board by then providing in Section 185 for the future creation of a similar National Board for the air industry when in the judgment of the National Mediation Board "it shall be necessary to have a permanent national board of adjustment." In such event, by the precise language of the section " * * * hearings shall be held, findings and awards made, stated, served, and enforced * * * in the same manner and to the same extent as provided with reference to the National Railroad Adjustment Board by section 153 of this title."

Thus, the legislative scheme is complete. All the provisions of the Railway Labor Act are adopted for the air industry except section 153; instead of giving similar relief to 153, special provision is made for adjustment of labor disputes by system or regional boards with no legislative determination as to their finality or as to their being the basis of federal suit jurisdiction; but all of the provisions of Section 153 are brought into play, including the right granted in subsection (p) to sue on an award in the federal district court, when and if the National Mediation Board exercises the judgment granted it in Section 185.

2. As contradistinguished from the *National* Board of Adjustment whose awards in railroad disputes are made the subject of federal suit jurisdictions in Section 153.

Both parties here agree that this precise question has not heretofore been passed upon by the United States Courts. Appellant contends, however, that in spite of the legislative pattern which we think seems clearly to indicate that Congress intentionally withheld from those receiving awards from *system* boards the privilege granted to railroad employees armed with awards from the *permanent National* Board of Adjustment, the courts must nevertheless construe the laws as giving the right to sue in the federal court on the claim here presented. Appellant points to our case of Sigfred v. Pan American World Airways, 5 Cir., 230 F.2d 13, as persuasive of the point of view advanced by him. We think this not at all so. All that was decided in Sigfred is that in a suit for breach of contract of employment in which the parties had, by their agreement submitted the issue to arbitration and the award had gone against the employee, the law to be applied in determining the reviewability of the award was federal rather than state law. We did not consider the question whether the state or federal court was the proper forum to entertain the action. In that case federal jurisdiction attached by reason of diversity of citizenship. Nor do we think there is anything in the landmark case of Slocum v. Delaware L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795, that supports appellant's contention.

 The argument made by appellant that the statute must be construed so as to give the district court jurisdiction because otherwise he is without a remedy to enforce a federally enacted right is, of course, without foundation. The state courts have full and complete jurisdiction to grant relief on such an alleged contractual right. There is nothing unusual in a holding that the state courts apply the federal law just as do the federal courts if the cause is one as to which federal law controls. The Florida District Court of Appeals (Third District) has already decided, in a declaratory judgment suit arising out of this same award, that the Florida state court had jurisdiction to entertain the suit. National Airlines, Inc. v. Metcalf, 114 So.2d 229. We think the decision of that court accepting jurisdiction of the cause is correct.

We conclude that the legislative design of Congress is clearly expressed. Such design is to grant to those winning arbitration awards the right to sue on them in federal courts only when and if the Mediation Board creates a National Air Transport Adjustment Board whose award is ignored or not complied with by the carrier. Then only does Section 153(p) become operative in the air industry.

The judgment is affirmed.