**Paul S. WOOLLEY, Appellant,**

v.

**EASTERN AIR LINES, INC., Appellee.**

**No. 17870.**

United States Court of Appeals
Fifth Circuit.

Jan. 13, 1960.

William G. Ward, Miami, Fla. (Ward & Ward, Miami, Fla., of counsel), for appellant.

W. Glen Harlan, Atlanta, Ga., Charles M. Moon, Miami, Fla., Gambrell, Harlan, Russell, Moye & Richardson, Atlanta, Ga. (E. Smythe Gambrell, William G. Bell, Jr., Atlanta, Ga. of counsel), for appellee, Eastern Air Lines, Inc.

Before RIVES, Chief Judge, and HUTCHESON and CAMERON, Circuit Judges.

PER CURIAM.

Seeking to plead around, and thereby escape the binding effect as res judicata of, the judgment[1] in an earlier action he had brought against appellant in the Southern District of Florida, appellant, plaintiff below, brought this suit in the Circuit Court of Dade County, Florida. The cause was removed to the Southern District of Florida, where the defendant, raising the defenses of res judicata estoppel by judgment and estoppel by verdict, based on the judgment of the district court in the earlier case and its affirmance in this court, moved to dismiss, the motion was granted, judgment was entered for defendant, and plaintiff appealed.

Here generally attacking the correctness of the judgments and decisions below and here in the earlier case and particularly insisting that the issues adjudicated in this case are not the same as, and the judgment in this case is, therefore, not controlled by, the judgments in the earlier case, plaintiff urges upon us that the judgment must be reversed.

Repelling the attack on the reasoning of this court in the former Woolley case, on the ground that it is a collateral attack upon the judgment pleaded in bar and, therefore, inadmissible, appellee resists the attack on the plea of res judicata, that the issues actually raised and settled in the earlier case are not the same as those decided here, on the grounds: (1) that the record does not at all support this claim; and (2) that if any phase of the issues presented for decision here was not in terms discussed

1. Affd. Woolley v. Eastern Airlines, 5 Cir., 250 F.2d 86.

and decided there, all of them were actually presented, all could have been specifically raised and settled there, and the bar of the plea is therefore as fully effective as to them as if they had been precisely discussed and determined. Cf. Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898; Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832; Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329.

As to appellant's claim that later cases from this court, such as Woodward Iron Co. v. Ware, 5 Cir., 261 F.2d 138; Cook v. Missouri Pacific R. R., 5 Cir., 263 F.2d 954; and Metcalf v. National Airlines, 5 Cir., 271 F.2d 817; are in conflict with our earlier decision in the Woolley case, appellee insists that nothing said or held in any of them or in any other case cited by plaintiff is in anyway in conflict with, or contrary to, them.

A careful and thorough consideration of these contentions convinces us: that, on the simplest principles with which the law has to deal, the judgment pleaded in bar is a complete defense to plaintiff's suit; that the judgment appealed from was rightly entered; and that it must be

Affirmed.