HENDRY, Judge.
This is an appeal from a summary final decree awarding a permanent injunction against appellee-defendant.
The plaintiff, Air Line Pilots Association, International, instituted this suit in the Circuit Court for Dade County, Florida against the defendant, National Airlines, Inc., and certain individuals who are not concerned with this appeal, to enjoin National from violating the terms of a collective bargaining agreement.
The plaintiff is a voluntary unincorporated association falling within the terms and provisions of the Railway Labor Act, 45 U.S.C.A. §§ 151-163, 181-188. It is the duly certified collective bargaining agent for the airline pilots employed by National. The defendant is a common carrier airline which is also subject to the provisions of said Railway Labor Act. The plaintiff and defendant, National, operate under a collective bargaining agreement which provides, among other things, that eighty-five (85) hours of flying shall constitute the monthly maximum for pilots. The pilots are required to post their flying time at the end of each tour of duty.
Another agreement establishes a System Board of Adjustment, in compliance with Section 204, Title II, of the Railway Labor Act, for the purpose of adjusting and deciding disputes between any employee covered by the “Pilot’s Agreement” and the company growing out of grievances or out of interpretation or application of any of the terms of the “Pilot’s Agreement”.
*844 The plaintiff alleged that despite the provisions of its collective bargaining agreement the defendant has on numerous occasions allowed or ordered various pilots in its employ to fly more than eighty-five (85) hours per month.
The plaintiff further alleged that the defendant has never denied that the assignment by it of pilots to fly in excess of eighty-five (85) hours per month constitutes a violation of said agreement, and in fact has admitted that “the company found it necessary in the interest of completing April schedules to abridge this section of the agreement”; that in a grievance procedure before the National Airlines, Inc., System Board of Adjustment, National agreed that it had violated said agreement.
Because of the defendant’s repeated and continual violations of said agreement, the plaintiff alleged that it feared and anticipated that the defendant would engage in or commit similar violations in the future, which would substantially affect the safety factors, working conditions and hours of service involved in flying commercial planes, and would result in irreparable loss and injury. Plaintiff asserted that the individual pilots represented by the plaintiff had no adequate remedy at law or administrative remedy, therefore, only this equitable remedy was available to the plaintiff.
The plaintiff prayed, inter alia, that an injunction be issued instructing the defendant to cease and desist from violating these provisions of the said collective bargaining agreement.
The defendant’s answer denied that it had violated the terms of said agreement and, as affirmative defenses, alleged that:
“Plaintiff and the defendant, National Airlines, Inc. were required by the Railway Labor Act, 45 U.S.C.A. .§ 151, et seq., to establish a Board of Adjustment to resolve grievances. Plaintiff and the defendant, National Airlines, Inc. have established a System Board of Adjustment and by reason of the existence of such Board, an administrative remedy is available to the pilots represented by the plaintiff. The pilots represented by the plaintiff and the plaintiff have failed to exhaust the administrative remedy afforded them by the contract and therefore have no standing to bring a court action.
“The purported violation of the contract complained of is a minor dispute within the meaning of the Railway Labor Act and by reason of such fact, this court lacks jurisdiction of the subject matter.
“Plaintiff seeks a decree of specific performance and the remedy of specific performance is not mutually available to the defendant.
“The individual pilots whom plaintiff purports to represent as a class have a complete and adequate remedy at law for the breach alleged by plaintiff.”
The plaintiff moved for a summary final decree based upon the pleadings, depositions and affidavits on file. Upon hearing on the motion, the chancellor granted the plaintiff a summary final decree and awarded a permanent injunction against the defendant.[1]
Defendant, National, appeals from said final decree contending that the Board of Adjustment has exclusive jurisdiction over *845 this dispute and that the injunction was improper because of its term and the vague and indefinite standard of conduct prescribed.
Plaintiff argues that the question as to the court’s jurisdiction was settled by this court in an earlier interlocutory appeal of this case, wherein we affirmed, without opinion, the chancellor’s order denying defendant’s motion to dismiss the complaint.[2] Plaintiff urges that by our affirmance we recognized that the trial court had jurisdiction over the subject matter of this cause.
Our decision to affirm the order denying the defendant’s motion to dismiss was not a holding that it is unnecessary for a plaintiff, suing on an alleged breach of a collective bargaining agreement such as this one, to pursue its administrative remedy. That decision is authority only for the proposition that the complaint was not subject to dismissal at that point in the proceedings. The complaint alleged that the plaintiff had pursued its administrative remedy through the final step, to-wit: National Airlines, Inc. System Board of Adjustment, and that while the company’s two board members had acknowledged that their company had violated the agreement, no action had been-taken to prevent future violations. In view of these allegations, a basis for jurisdiction existed. Therefore, the complaint was allowed to stand with the right to proceed further in the cause.
Thereafter defendant filed its answer denying the material allegations of the plaintiff’s complaint and setting forth the ■affirmative defense of lack of jurisdiction. At the time the plaintiff’s motion for summary judgment came up for hearing, an issue of fact remained as to whether the plaintiff had attempted to utilize the ex■clusive jurisdiction of the Board of Adjustment and whether the Board had either refused to exercise jurisdiction or had refused to comply with procedure outlined by the Railway Labor Act and their collective bargaining agreement. Upon the resolution of these facts rested the -basis of determining whether or not the trial court had jurisdiction of the subject matter. It was therefore error to grant a summary final decree in favor of the plaintiff.
In National Airlines, Inc. v. Metcalf, Fla. App.1959, 114 So.2d 229, we held that the jurisdiction of the System Board of Adjustment to adjust grievances and disputes of the type here involved is exclusive. We further held that by agreement, the award of a said Board was final and binding and neither the federal courts nor the state courts would be authorized in re-trying the merits of the controversy. We stated that this, however, would not preclude review of procedural due process and jurisdictional limitations.
In accordance with the Metcalf decision, supra, if the trial court should determine that the plaintiff has failed to sustain its burden of proving that it attempted to bring this grievance to the Board, the suit must be dismissed. If the plaintiff successfully proves compliance with such grievance procedure, the trial court can have jurisdiction in this cause only to the extent that the Board has refused to exercise its jurisdiction, has refused to comply with the procedures set up by the Railway Labor Act and their collective bargaining agreement, or is without authority to grant the relief sought.
Since the cause is being reversed and remanded for further proceedings, we think we should state our views with reference to the appellant’s contention that the injunctive order is erroneous because of its terms and the vague and indefinite standard of conduct imposed. We find such contention has merit.
*846 In Pizio v. Babcock, Fla.1954, 76 So.2d 654, Justice Terrell said:
“Injunctive orders like this should be confined within reasonable limitations and cast in such terms as they can, with certainty, be complied with. The one against whom it is directed should not be left in doubt about what he is to do.”
See also Moore v. City Dry Cleaners and Laundry, Fla.1949, 41 So.2d 865.
For the reasons stated the summary final decree awarding permanent injunction is reversed and the cause remanded for further proceedings.
Reversed.

. Pertinent part of injunctive decree: “ORDERED, ADJUDGED and DECREED as follows:
“(a) National Airlines, acting by or through its officers, agents and employees is hereby permanently enjoined from knowingly scheduling or ordering any of its pilots to fly in excess of eighty-five (85) hours per month during the course of its regularly scheduled commercial operations. In effectuating this injunction, it is the order of the Court that the Company shall exercise reasonable diligence to insure the accurate posting by its pilots of their times of flights and that the company shall exercise rea *845 sonable diligence to inform itself and keep itself informed of accurate totals of flight times accumulated by its pilots ■during each month.”

. National Airlines, Inc. v. Air Line Pilots Ass’n, Int’l, Fla.App.1962, 143 So.2d 699.