**UNITED STATES of America,**
**Libelant,**

v.

**ONE BALLY PINBALL MACHINE, Serial No. 1717 and Coin Contents of $0.65 One Bally Pinball Machine, Serial No. 1695 and Coin Contents of $0.10, and Melody Music Company, a South Carolina Corporation (Intervenor).**

**Civ. A. No. 1138.**

United States District Court
E. D. South Carolina,
Columbia Division.

July 9, 1964.

872

Terrell L. Glenn, U. S. Atty. for Eastern Dist. of South Carolina, Columbia, S. C., for libelant.

Jack F. McGuinn, Columbia, S. C., for intervenor.

HEMPHILL, District Judge.

Action for forfeiture of two coin-operated gambling devices for failure of the person using the same to pay the $250.00 special tax imposed by Section 4461(a) (2) of Title 26, United States Code. Stipulations at the trial that the machines were subject to the tax and that the tax had not been paid removed such issues from question. The sole remaining question presented by claimant, Melody Music Company, a South Carolina corporation, owner-intervenor, is whether or not the United States is estopped, by the alleged acts of its agents, from enforcing the forfeiture.

Title 26 U.S.C. § 4461(a) (2) provides:

"There shall be imposed a special tax to be paid by every person who maintains for use or permits the use of, on any place or premises occupied by him, a coin-operated amusement or gaming device at the following rates:

\* \* \* \* \*

"(2) $250 a year, in the case of a device defined in paragraph (2) of section 4462(a);"

The machines, at time of seizure, were located at Gantt's Restaurant in Richland County, South Carolina. Gantt testified that, two months before seizure, a treasury agent, whom he neither knew nor later attempted to identify, came to his establishment, assessed the machines and told him he would receive notice of the amount due, including any interest or penalty. Gantt did nothing, received no assessment, and, some two months later a machine was seized. Gantt claimed the agent said he could have thirty days to pay and that he put one of the machines in the day after the alleged assessor came. He also testified the agent did not tell him he could operate the devices without prepayment of the tax, but claimed he had so done in the past without seizure or forfeiture. After the seizure, the assessment, including interest and penalty, was paid.

The question for determination is: If these facts be admitted is the United States estopped?

Title 26 U.S.C. § 4901(a) provides a condition precedent to carrying on of such a business (pin ball machine display and operation included) as follows:

"(a) Condition precedent to carrying on certain business.—No person

shall be engaged in or carry on any trade or business subject to the tax imposed by section 4411 (wagering), 4461(2) (coin-operated gaming devices), 4721 (narcotic drugs), or 4751 (marihuana) until he has paid the special tax therefor."

Gantt and Melody Music, the intervenor, were charged with knowledge of the law.

■ In general it may be said that the law recognizes no excuse for failure of a property owner to pay promptly taxes which have been duly and properly assessed against his property; he is not relieved of the consequences of his delinquency in not paying his taxes because of ignorance of the amount, time of payment, or of both, assuming that no duty is imposed of giving the taxpayer notice of the amount of taxes assessed against him at the time of paying them which the tax collectors failed to give.[1]

■ Some courts have held that a taxpayer has a right to rely upon the representations and acts of the county treasurer, the tax collector, or other authorized officer with respect to taxes due upon his property[2] but such has no application here in view of Title 26 U.S.C. § 4901(a), supra. Gantt was required by statute to pay the tax as a condition precedent to operating the pin ball machines. This he did not do. This statute was not, could not, be waived by alleged agents of the United States; Congress gave them no such authority.

Assuming, despite the vagueness of the testimony as to who, and what, the agent was, that the agent did indicate, by word, inference, or silence that Gantt could continue to operate, was safe from seizure, the United States could not be bound nor estopped by such acts because there is nothing in the Internal Revenue Laws to sanction or permit such.[3]

It is therefore ordered that the property described be condemned or forfeited to the United States by reason of having been used in violation of the Internal Revenue Code of the United States, as set out in the libel.

The United States Marshal for the United States Courts for the Eastern District of South Carolina is directed to seize upon said property (or, if already in his care to attend thereto) and dispose of same as directed by the Internal Revenue Service, Treasury Department, United States of America, either by sale or by destruction as proper officials of said Internal Revenue Service may direct.

That in the event the Internal Revenue Service shall direct a sale, then the said machines shall be sold by the United States Marshal at public auction, for cash, to the highest bidder, at the earliest possible time after giving notice of such sale by inserting a notice in a newspaper of general circulation in Richland County, the County in which the devices are located, one time, nor more than forty (40) nor less than ten (10) days prior to the date of sale, and by posting public notices of the sale in three (3) public places in said County, one of which shall be on the Courthouse door, and one at the United States Post Office, not less than fifteen (15) days prior to said sale. The Marshal shall pay the proceeds of said sale to the Clerk of this Court for appropriate disposition and credit to the plaintiff, the United States.

That all costs and expenses of the proceedings to obtain condemnation, including any storage, are hereby taxed against the claimant, Melody Music Company; and upon payment of said costs by the bondsmen, the cost bond heretofore filed in this action shall be released, cancelled, and of no effect.

And it is so ordered.

---

1. 51 Am.Jur., Taxation § 953, page 838, citing American Surety Co. v. Hamrick Mills, 191 S.C. 362, 4 S.E.2d 308, 124 A.L.R. 1147.

2. 51 Am.Jur., Taxation § 954, page 839. Note also annotation in 21 A.L.R.2d 1273.

3. United States v. Anderson Apartments, D.C., 114 F.Supp. 69, United States v. Woodland Terrace, 4 Cir., 203 F.2d 505.