COOPER AGENCY, INC., Plaintiff,

v.

Harold M. McLEOD, District Director of Internal Revenue and the United States of America, Defendants, and nine other civil actions.

Civ. A. Nos. AC–1283, 1295, 1309, 1348, 1349, 1350, 1351, 1352, 1353 and 1354.

United States District Court
E. D. South Carolina,
Columbia Division.

Sept. 8, 1964.

N. Welch Morrisette, Jr., Columbia, S. C., Arthur G. Howe, Charleston, S. C., Tompkins, McMaster & Thomas, and Cooper, Gary, Nexsen & Pruet, Columbia, S. C., for plaintiff.

Terrell L. Glenn, U. S. Atty., Columbia, S. C., and Norman E. Bayles, Dept. of Justice, Washington, D. C., for defendants.

MARTIN, Chief Judge.

These ten actions have their origin in certain jeopardy transferee assessments made by the District Director of Internal Revenue against certain members of the Cooper family and several corporations and associations on September 16, 1963, in a total amount of approximately $9,-000,000. It appears from the complaints that the District Director proposed additional deficiencies against the plaintiffs, also in substantial amounts.

The first action was commenced by Cooper Agency, Inc. by the filing of its complaint with this Court on November 5, 1963, naming as defendants the District Director of Internal Revenue and the United States of America. Thereafter, Elmwood Cemetery Association and Elmwood Properties filed similar complaints on November 14, 1963, and December 5, 1963, respectively. The plaintiffs alleged the Court had jurisdiction over these actions by virtue of 28 U.S.C. §§ 1331, 1340, 2410 and 2463.

Each of the plaintiffs sought a preliminary injunction (to be made permanent at a later date) enjoining the defendants from taking any action to enforce the collection of the jeopardy assessments made against them, an order declaring the assessments liens, levies and seizures thereunder were null and void, and an order cancelling the tax liens of record so as to remove any cloud from plaintiffs' title to undescribed property.

The complaints in these three actions alleged generally [with some variations] that:

1. The defendants arbitrarily made illegal and factually unfounded transferee assessments against them and thereafter made illegal levies and seizures of plaintiffs' property.

2. The plaintiffs were not transferees within the meaning of the Internal Revenue Code in that no transfers were made to plaintiffs "without full, fair and adequate consideration."

3. The assessments in the guise of transferee liabilities had not been made in good faith and under no circumstances could plaintiff ultimately be found liable as a transferee.

4. The assessments, liens, and levies were illegal and without basis in law or in fact.

5. The applicable statute of limitations barred the assessments.

6. The plaintiffs were financially unable to post the bonds necessary to stay collection of the jeopardy assessments and were unable to pay the assessments and sue for refund and hence, plaintiffs were without an adequate remedy at law.

The defendants, prior to the expiration of the 90 day period within which the plaintiffs could have petitioned the Tax Court for a redetermination of their respective liabilities filed motions to dismiss the complaints on the following grounds:

1. The complaint fails to state a claim upon which relief can be granted.

2. The Court lacks jurisdiction over the subject matter of this action.

3. The United States has not consented to be sued in an action of this nature.

4. Plaintiff may obtain relief and inquire into the merits of the transferee assessments by filing a timely petition with the Tax Court of the United States, the time for so doing not having expired.

The Government contends the actions are barred by Section 7421(b), Internal Revenue Code of 1954, and 28 U.S.C. § 2201.

Subsequent to the filing of these three complaints, the other seven actions were commenced by the filing of complaints on January 28, 1964, which contain allegations identical in almost every respect to the allegations summarized above. The defendants again filed motions to dismiss each of the complaints identical to those above except that the fourth ground was changed as follows:

4. Plaintiff had an adequate legal remedy which he failed to exercise by filing a timely petition with the Tax Court of the United States. Plaintiff was advised of his rights by the statutory notice of deficiency as well as by letter from the Department of Justice but chose not to pursue the legal remedy provided by Section 6213 of the Internal Revenue Code of 1954.

Amended complaints were thereafter filed with the Court by four of the plaintiffs, Cooper Agency, ⁻ɴᴄ., Elmwood Cemetery Association, Elmwood Properties, and James D. Cooper, Trustee, on February 21, 1964. The apparent purpose of the amendments was to meet the Government's contention raised in the motions to dismiss that the allegations contained in the original complaints constituted nothing more than mere conclusions of law and of fact which were not deemed admitted by the Government's motions to dismiss. The substance of the amendments to each of the four complaints was to set forth the property which the Internal Revenue Service found to be transferred without fair and adequate consideration, and to then allege the consideration plaintiffs contended they gave in return for the property, together with their conclusion that the consideration alleged was adequate. In the case of certain property, plaintiffs alleged they never really held the property as owners thereof, and could not, therefore, be liable as transferees. The Government thereafter filed motions to dismiss the four amended complaints identical to those filed to the original complaints.

A hearing was held before this Court on March 6, 1964, on the Government's motions to dismiss each of the ten actions and because of the extraordinary circumstances involved in these cases, the complexity of the issues, the workload of the Court at that time due to two longstanding judgeship vacancies and the need for an early disposition of the issues, the ten actions were referred to a Special Master to hear and dispose of the motions to dismiss, and in the event the motions were overruled, to require that answers to the complaints be filed as required by law and that testimony and other evidence be received, with the Special Master to report his findings of fact and conclusions of law to this Court.

The Special Master, after having considered the briefs filed by the parties to these actions and having heard oral argument, made his very able and comprehensive report to this Court concluding the Court was without jurisdiction to entertain these actions and that the motions to dismiss should, therefore, be granted, for the reasons set forth hereinafter.

The plaintiffs thereafter filed timely objections to the report of the Special Master on the grounds that the Special Master erred as follows:

1. In finding and concluding that Section 7421(b) of the Internal Revenue Code of 1954 bars the injunctive relief sought by the plaintiffs since under the facts alleged in the complaints the defendants could under no circumstances prevail and that plaintiffs had no adequate remedy at law.

2. In finding and concluding the complaints failed to allege specific facts as opposed to conclusions of law and conclusions of fact.

3. In finding and concluding that plaintiffs had an adequate legal remedy at law by virtue of their right to petition the Tax Court for a redetermination of their respective liabilities.

4. In concluding that plaintiffs had an adequate legal remedy which they could have pursued, when there was no evidence before the Special Master to establish that a "proper notice of the Commissioner's determinations had ever been given the plaintiffs."

5. In finding and concluding that 28 U.S.C. Section 2201 precludes the declaratory relief sought in these actions.

6. In finding and concluding that 28 U.S.C. Sections 1331, 1340, 2410, and 2463 did not confer jurisdiction on the Court to entertain these actions.

7. In finding and concluding that 28 U.S.C. Section 2410 does not constitute a waiver of sovereign immunity so as to permit the joinder of the United States in actions such as these.

Three of the plaintiffs, Cooper Agency, Inc., Elmwood Cemetery Assn. and Elmwood Properties, Inc., although somewhat belatedly, filed motions to amend their first amended complaints shortly before the hearing before the Court on plaintiffs' objections to the Special Master's report. The second amended complaints appear to be almost identical to the first amended complaints except that plaintiffs alleged that defendants failed to furnish the plaintiffs with "legal and proper" notices of deficiency (90-day letters) as required by Section 6213(a) of the Internal Revenue Code of 1954 in that the notices of deficiency admittedly received did not include the "details" of any of the transfers forming the basis of the transferee assessments, such as the identity of the property involved and the date of the transfers, thus rendering the assessments null and void. Plaintiffs contend that because of the alleged defects in the notices of deficiency, they were deprived of their right to file a "proper" petition with the Tax Court, assuming arguendo that so doing would have given them an adequate legal remedy. The same three plaintiffs also filed motions for summary judgment which the Court does not find it necessary to reach for the reasons set forth hereinafter.

The Court does, however, over the Government's objection, grant the motions of Cooper Agency, Inc., Elmwood Properties, Inc. and Elmwood Cemetery Assn. to file their second amended complaints, but the Court's decision has no effect on the disposition by this Court of the motions to dismiss filed by the defendants since the amendments in no way affect the Court's conclusion that it is without jurisdiction to entertain these actions. The Court hereby specifically adopts and confirms the report of the Special Master, and overrules the objections made by plaintiffs to the findings and conclusions made therein. Because of the many contentions raised by the parties, each will be dealt with separately in the interests of clarity.

 The Government urges in support of the motions to dismiss insofar as the actions seek injunctive relief that Section 7421(b), Internal Revenue Code of 1954, which provides in part that

"No suit shall be maintained in any court for the purpose of restraining the assessment or collection * * * of — (1) the amount of the liability, at law or in equity of a transferee of property of a taxpayer in respect of any internal revenue tax * * *."

bars these ten actions.[1] The Court agrees, as it must in the light of the

---

1. While the complaints seek injunctive relief against both the District Director and the United States, it is quite clear that the injunction should be directed, if at all, only to the action of the District Director, since the United States clearly has not waived its sovereign immunity in actions such as these. United States v. Alabama, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327.

mandate of this section and of the Supreme Court's decisions in Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292, interpreting Section 7421(a), and Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422, interpreting the predecessor of Section 7421.

The Court in the Williams Packing Co. decision stated that the object of Section 7421 is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes. The Court stated (370 U.S. p. 7, 82 S.Ct. p. 1129) that only

> "if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, under the Nut Margarine case, the attempted collection may be enjoined if equity jurisdiction otherwise exists."

In determining whether the Government could ultimately prevail, the Court said (370 U.S. 7, 82 S.Ct. 1129) that

> "Only if it is then (at the time of suit) apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for injunction be maintained."

While Section 7421(a) was before the Court, Section 7421(b) pertaining to transferees is identical in language and meaning and plaintiffs must meet the same burden under Section 7421(b). Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; Milliken v. Gill, 211 F.2d 869 (C.A.4th), certiorari denied, 348 U.S. 827, 75 S.Ct. 47, 99 L.Ed. 652.

The plaintiffs under the Williams Packing decision thus have a double burden to carry to establish their right to invoke the equitable jurisdiction of this Court. Plaintiffs must first prove "that under no circumstances could the Government ultimately prevail," and then if successful, must next show that "equity jurisdiction otherwise exists" and that they have no adequate remedy at law. Vuin v. Burton, 327 F.2d 967 (C.A. 6th).

Viewing plaintiffs' complaints in the light of the Supreme Court's language, it clearly cannot be said that "under no circumstances could the Government ultimately prevail." Plaintiffs' allegations that the jeopardy assessments were arbitrary, illegal and factually unfounded; that the levies and seizures made thereunder were illegal; that plaintiffs were not transferees because at no time were transfers made "without full, fair and adequate consideration;" that the assessments were not made in "good faith;" that the statute of limitations barred the jeopardy assessments made against plaintiffs; and that plaintiffs have no adequate remedy at law, all constitute nothing more than conclusions of fact and law.

It is axiomatic that the motions to dismiss the complaints admit only the facts well pleaded and the reasonable inferences to be drawn from them, but no more. The motions do not admit either unwarranted inferences or conclusions of fact or of law. Weeks v. Denver Tramway Corp., 108 F.2d 509 (C.A. 10th); Homan Mfg. Co. v. Russo, 233 F.2d 547 (C.A.7th); Sexton v. Barry, 233 F.2d 220 (C.A.6th). The complaints fail to allege any specific facts giving rise to the conclusions and are thus vulnerable to the motions to dismiss.

The attempt by four of the plaintiffs, Cooper Agency, Inc., Elmwood Cemetery Association, Elmwood Properties, and James D. Cooper, Trustee, to amend their complaints to meet this fatal defect is without legal effect. The additional allegations incorporated in the first amended complaints again consist of nothing more than plaintiffs' conclusions that they are not liable as transferees under the Internal Revenue Code, and are not deemed admitted for the purposes of these motions. Plaintiffs have not carried their burden of establishing that under no circumstances could the Government ultimately prevail.

■ Furthermore, the prohibition of Section 7421 is not avoided by plaintiffs' allegations that the statute of limitations had run on the making of the jeopardy assessments involved herein. Graham v. Dupont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965; Corbett v. Frank, 293 F.2d 501 (C.A.9th).

■ It does not become necessary for me to reach the second test imposed by the Supreme Court in Williams Packing, i. e., that equity jurisdiction otherwise exists and that plaintiffs have no adequate remedy at law, for plaintiffs have not carried their burden of establishing that under no circumstances could the Government ultimately prevail. It does seem quite clear, however, that plaintiffs did have an adequate legal remedy, in addition to a suit for refund, which they could have pursued, but elected not to, by petitioning the Tax Court for a redetermination of their respective liabilities.

Plaintiffs place their reliance on Shelton v. Gill, 202 F.2d 503 (C.A.4th), a case in which the Court granted injunctive relief to plaintiff-transferees. This decision is not controlling since it was handed down prior to the Supreme Court's opinion in Williams Packing Co. Furthermore, the decision was further limited to the specific facts of that case by subsequent pre-Williams Packing decisions of the Fourth Circuit in Milliken v. Gill, supra; Jewel Shop of Abbeville, S. C. v. Pitts, 218 F.2d 692 (C.A.4th); and Hudson v. Crenshaw, 224 F.2d 324 (C.A.4th).

The application of the tests enunciated in Williams Packing Co. have resulted in a dismissal of the complaint in every Court of Appeals decision handed down since Williams Packing and these decisions are both persuasive and controlling. See Johnson v. Wall, 329 F.2d 149 (C.A.4th); Vuin v. Burton, supra; Cohen v. Gross, 316 F.2d 521 (C.A.3d); Botta v. Scanlon, 314 F.2d 392 (C.A.2d); Licavoli v. Nixon, 312 F.2d 200 (C.A. 6th); Abel v. Campbell, 309 F.2d 751 (C.A.5th).

Plaintiffs further rely on the decisions in Rothensies v. Ullman, 110 F.2d 590 (C.A.3d); Raffaele v. Granger, 196 F.2d 620 (C.A.3d); and Adler v. Nicholas, 166 F.2d 674 (C.A.10th). These decisions hold, and rightly so, that the predecessor section of Section 7421 does not prohibit one who is not indebted to the Government from enjoining the seizure of his property to satisfy the tax obligation of another. Such is not the case here. Jeopardy assessments have been made against each of the plaintiffs and each is indebted to the Government by virtue of these assessments.

With respect to the second amended complaints filed by Cooper Agency, Inc., Elmwood Cemetery Assn., and Elmwood Properties, Inc. alleging that plaintiffs did not receive "proper" notices of deficiency as required by Section 6213(a) of the Internal Revenue Code, it is the Court's opinion that the notices admittedly received by plaintiffs, copies of which were attached to the second amended complaints, comply with the requirements of Sections 6212, 6213 and 6861, Internal Revenue Code of 1954. Plaintiffs' argument is bottomed on their contention that since they did not receive "proper" statutory notices, in legal effect they received no notices at all, and hence the jeopardy assessments were null and void and the collection of same could be enjoined in these actions under the exception provided in 7421(a). Plaintiffs contended the failure to provide the "details" surrounding the transfers deprived them of their right to file "proper" petitions with the Tax Court and, hence, they could not even have availed themselves of their right to petition the Tax Court had they wanted to.

The statutory notices attached as exhibits to the second amended complaints appear to be a standard form signed by the District Director. The notices, all of which are very similar, state that the determination of the tax liabilities of a particular specified transferor had disclosed deficiencies in stated amounts for specific taxable years, as reflected in detail in an attached statement to the statutory notice. The statutory notices further advised that a stated amount of

the deficiencies found to be due and owing from the transferor had been assessed against the particular transferee (plaintiffs herein), under the applicable provisions of the Internal Revenue Laws relating to jeopardy assessments, as transferees of assets of the transferor, or in some cases, of another specified transferee. The statutory notices further advised plaintiffs of their right to petition the Tax Court. Attachments to the letter stated that "assets" of the particular transferor (or transferee) were transferred to the respective plaintiffs on or about a specified date(s), as reflected in the records of the Office of the District Director. Plaintiffs contend the notices should have described the assets with particularity, including the specific dates of the transfers.

 The law seems to be quite clear that the Internal Revenue Code does not prescribe or require any particular form to which the statutory notice must conform. United States v. Lehigh, D.C., 201 F.Supp. 224; Merten's Law of Federal Income Taxation, Rev., Sec. 49.132. The plaintiffs here were put on actual notice that certain jeopardy transferee assessments in stated amounts had been made against them by virtue of their receipt of assets of a specified transferor (or other transferee) on or about a certain date. They were further advised of their rights to petition the Tax Court. The Court, therefore, concludes that the statutory notices attached to the second amended complaints are adequate and comply with the applicable provisions of the Internal Revenue Code. This being so, the complaints must be dismissed insofar as they seek injunctive relief for the reasons stated hereinabove.

 Plaintiffs contend that in spite of the prohibitions in Section 7421(b), Internal Revenue Code of 1954, and 28 U.S.C. § 2201, this Court has jurisdiction to entertain these actions under 28 U.S.C. § 1340. Section 1340 is merely a general grant of jurisdiction which in order to confer jurisdiction on this Court over the United States must be buttressed by some other statute specifically waiving the sovereign immunity of the United States in a particular type of action. United States v. Coson, 286 F.2d 453 (C.A.9th); Remis v. United States, 273 F.2d 293 (C.A.1st); First National Bank of Emlenton, Pa. v. United States, 265 F.2d 297 (C.A.3d).

Plaintiffs further seek to quiet title to their property by cancelling the tax liens filed of record against them. Plaintiffs contend that 28 U.S.C. § 2410 both confers jurisdiction of this Court and waives the sovereign immunity of the United States so as to permit plaintiffs to join the United States as a defendant in these actions. The United States contends the waiver of sovereign immunity contained in Section 2410, enabling the United States to be named a party in any civil action in any district court or state court having jurisdiction of the subject matter, "to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien", does not extend to and include consent to be sued by the one against whom the liens are filed so as to permit the taxpayer to attack the merits of the underlying assessments out of which the liens arose.

 While the complaints seek relief against both the District Director and the United States, the liens are the property of the United States and not of the District Director, who has no proprietary interest in them. United States v. Alabama, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327; Maryland Casualty Co. v. Charleston Lead Works, 24 F.2d 836 (E. D.S.C.); 26 U.S.C. § 6321. Thus, plaintiffs must rely on a specific statute waiving the sovereign immunity of the United States. United States v. Alabama, supra; United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888. Further, the consent to be sued in a particular type action cannot be construed beyond the plain meaning of the language authorizing suit. United States v. United States Fidelity & Guaranty Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894; Munro

v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633.

Section 2410 does not, in and of itself, confer jurisdiction on this Court to entertain these actions, but constitutes only a waiver of sovereign immunity to be sued in an action of a specific nature. Remis v. United States, supra; Wells v. Long, 162 F.2d 842 (C.A.9th).

Thus, the precise question before the Court is: Does Section 2410 constitute a waiver of sovereign immunity so as to permit the United States to be joined as a party in an action to quiet title to property by the taxpayer against whom the assessments have been made and liens filed, and to permit the taxpayer to inquire into the merits of the underlying assessments in determining the validity of the tax lien? The Court concludes that the question requires a negative answer. This view is supported by the decisions in Batts v. United States, 228 F.Supp. 272 (E.D.N.C.); Quinn v. Hook, 231 F.Supp. 718 (E.D.Pa.); Gordon v. Bank of America National Trust & Savings Association, 150 F.Supp. 772 (N.D.Calif.); and Commercial Credit Corp. v. Schwartz, 126 F.Supp. 728 (D.C. Ark.). See also Remis v. United States, supra. Contra are Falik v. United States, 206 F.Supp. 181 (E.D.N.Y.), and Sonitz v. United States, 221 F.Supp. 762 (D.C. N.J.).

It is believed the latter two decisions are incorrect and do not represent the proper construction of Section 2410. It is necessary to trace the precedents relied on by the courts in Falik and Sonitz to understand why these decisions are incorrect.

The first decision was rendered in 1960 by the Second Circuit in Pipola v. Chicco, 274 F.2d 909. This was an action brought under Section 2410 by nontaxpayers to quiet title to property they had purchased from the taxpayer naming the United States as a party. The relevant issue before the Court on appeal was whether the plaintiffs, non-taxpayers, could inquire into the merits of the assessment. The Court, acting on the premise that in an action commenced by the Government to collect the tax by a foreclosure proceeding, the taxpayer herself could not have contested the merits of the assessment, concluded the non-taxpayers had no greater rights than the taxpayer, and held plaintiffs could not contest the merits of the assessment in an action under Section 2410.

The next decision was rendered in 1961 in United States v. O'Connor, 291 F.2d 520 (C.A.2d). This was a foreclosure action brought by the Government against the taxpayer and one of the questions involved was whether the taxpayer could contest the merits of the assessment made against him in the collection action. The Court, in view of the Government's concession, found that the taxpayer could contest the merits of the assessments in a foreclosure suit brought by the Government, and in so doing indicated it was overruling its decision in Pipola. The Court concluded that when the Government invokes the aid of the Court in enforcing the assessment in any form, the assessment is open to contest by the taxpayer.

The Courts in Falik and Sonitz, supra, concluded as do plaintiffs here, that the effect of the decision in O'Connor was to overrule the holding in Pipola that a non-taxpayer could not commence an action under Section 2410 and inquire into the merits of the assessment made against the taxpayer. I do not believe this was the intention of the Court. The Court merely overruled its premise (conceded by the Government to be erroneous) that a taxpayer could not contest the merits of the assessment in a collection action brought against him by the Government.

In the Court's opinion, the language in Pipola (274 F.2d 913–914) properly reflects the legislative intent in amending Section 2410 in 1942 to include an action to "quiet title." To permit a taxpayer to commence an action under Section 2410 to quiet title to property encumbered by federal tax liens outstanding against him, and in so doing, to attack the merits of the underlying assessments, would allow the taxpayer to circumvent the provisions

of Section 7421 and the decision of the Supreme Court in Williams Packing, supra, as well as the provisions of Section 7422(a) requiring full payment in a suit for refund and the decision of the Supreme Court in Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 interpreting Section 7422. Congress imposed further restrictions on actions involving federal taxes by prohibiting declaratory judgments with respect to same. 28 U.S.C. § 2201. In short, the complete Congressional scheme requiring the taxpayer to either petition the Tax Court or pay the full amount of the assessment and then sue for refund would be thwarted merely by the commencement of an action by the taxpayer pursuant to Section 2410. It is inconceivable to attribute such an intent on the part of Congress in enacting the amendment to Section 2410 to include actions to quiet title.

Plaintiffs also urge upon the Court the decision in United States v. Coson, supra. This decision was rendered after Pipola and held that a taxpayer may commence an action under Section 2410 to quiet title to his property and attack the tax liens "from a procedural standpoint" only. Plaintiffs have not raised any "procedural defects" in these actions and the decision is inapplicable. The Court expressly stated (286 F.2d p. 463) it was not deciding whether an allegation of non-liability would also constitute a basis for relief under Section 2410.

Falik and Sonitz were then decided, it is believed, upon a misunderstanding of the decisions in Pipola, O'Connor, and Coson. For the reasons enumerated above, the Court is not persuaded to adopt the holdings in Falik and Sonitz.

Plaintiffs further urge that this Court has jurisdiction over the subject matter of these actions by virtue of 28 U.S.C. § 2463 which provides:

"All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof."

■ Plaintiffs rely on the alleged illegal levies and seizures made after the jeopardy assessments in invoking Section 2463 and contend that this Court has jurisdiction over all such property levied upon. Plaintiffs, while not specific, apparently contend this Court may inquire into the merits of the assessments to determine whether the District Director was entitled to levy on the property in the first instance. The Court concludes that Section 2463 in no way confers jurisdiction on this Court to make any such determination with respect to any property levied upon by the District Director.

The Supreme Court in holding that a non-taxpayer could not institute a summary proceeding under Section 2463 to dispose of the propriety of the levy there involved stated in New Hampshire Fire Ins. Co. v. Scanlon, 362 U.S. 404, 408–409, 80 S.Ct. 843, 846, 4 L.Ed.2d 826,

"The history of § 2463 plainly indicates a congressional purpose to protect that property in the revenue officer's custody and not to transfer that custody either actually or fictionally into the custody of the federal courts. The section was originally adopted in 1833 to meet a particular necessity brought about by South Carolina's adoption of an 'Ordinance of Nullification.' That state ordinance authorized state officials to seize property that had been distrained or levied on by federal officers and provided that South Carolina state courts could issue writs of replevin to take such property out of the hands of federal officials. The plain object of the 1833 Act was to counteract this state ordinance and it therefore specifically provided that property held under United States revenue laws should not be 'repleviable.' "

■ It appears, without question, from the above language that Section 2463 was not intended to confer jurisdiction, either in a summary or plenary

proceeding, on the federal district courts over property levied upon and seized under the Internal Revenue laws. It was so held in Morris v. United States, 303 F.2d 533 (C.A.1st), which was decided in the light of the decision in New Hampshire Fire Ins. Co. v. Scanlon. To the contrary are the decisions in Seattle Association of Credit Men v. United States, 240 F.2d 906 (C.A.9th), decided prior to the New Hampshire Fire Ins. Co. decision, and Bullock in Latham, 306 F.2d 45 (C.A.2d), in which the Court made no reference to the Supreme Court's opinion in New Hampshire Fire Ins. Co. The Court is of the opinion that the decision in Morris v. United States properly reflects Congress' intention in promulgating Section 2463 and that this section does not confer jurisdiction on this Court, even in these plenary proceedings, over the property so seized.

Plaintiffs further contend that 28 U.S.C. § 1331 pertaining to actions involving a "federal question" confers jurisdiction on this Court to entertain these actions. The Court finds that the issues raised in these matters do not create a federal question of any import and is of the opinion that plaintiffs invoke Section 1331 in a vain hope that jurisdiction might exist under this Section. The Supreme Court in Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, held that jurisdiction may not be predicated on Section 1331 where its assertion is insubstantial or frivolous or is made solely for the purpose of invoking jurisdiction.

## JUDGMENT

In accordance with the foregoing opinion, it is by the Court

Ordered, adjudged and decreed as follows:

1. The motions filed by Cooper Agency, Inc., Elmwood Cemetery Association, and Elmwood Properties, Inc. to file second amended complaints are hereby granted.

2. The objections filed by all ten plaintiffs to the report of the Special Master are hereby overruled and denied.

3. The report of the Special Master filed with this Court on April 10, 1964, is hereby adopted and confirmed by this Court as filed.

4. The motions to dismiss filed by the defendants in each of these ten actions are hereby granted and each of the ten actions are dismissed with prejudice, with the costs of these actions and the compensation of the Special Master to be taxed to the plaintiffs.