**COOPER AGENCY, Plaintiff,**

v.

**Harold M. McLEOD, District Director of Internal Revenue, Defendant.**

**Civ. A. No. AC–1804.**

United States District Court
E. D. South Carolina.
Columbia Division.

Heard Oct. 4, 1965.

Decided Oct. 28, 1965.

58

Charles F. Cooper, and John Gregg McMaster, of Tompkins, McMaster & Thomas, Columbia, S. C., for plaintiff.

Terrell L. Glenn, U. S. Atty., Charles S. Porter, Jr., Asst. U. S. Atty., Columbia, S. C., and Norman E. Bayles, Trial Atty., Dept. of Justice, Washington, D. C., for defendant.

HEMPHILL, Chief Judge.

Plaintiff commenced this action by filing its complaint, together with a motion for preliminary injunction, on September 27, 1965. Sought is an injunction against defendant, Harold M. McLeod, District Director of Internal Revenue, from taking any action to collect certain tax liabilities heretofore "illegally" assessed against the plaintiff, and from committing other "illegal acts and omissions" which would prevent the plaintiff from paying the amount plaintiff alleges was "legally" assessed against it, and thereafter suing for refund. Plaintiff's cause of action appears to be predicated on the theory that the defendant through his agents has "conceded" that plaintiff is liable by virtue of the assessments for, at most, only $198,000—a relatively small percentage of the total amounts assessed against the plaintiff. By virtue of the alleged "concession", plaintiff's argument is that the notices of deficiency sent to the taxpayer with regard to the original assessments were invalid with respect to the amount of the assessments exceeding $198,000. Hence, the plaintiff reasons it comes within the statutory exception provided in Section 7421, Internal Revenue Code of 1954, which prohibits actions for injunctive relief with respect to the assessment or collection of any tax except where a statutory notice of deficiency has not been sent to the taxpayer as required by Sections 6212(a) and 6213(a), Internal Revenue Code of 1954. Plaintiff urges that the statutory notices of deficiency admittedly received were "illegal" in that the amounts reflected in the letter far exceeded the amount now "conceded" by the defendant to be owed by plaintiff. Therefore,

plaintiff concludes, this action is not barred by Section 7421 by virtue of the exception contained therein.

Concerned that plaintiff should not have a day in Court only after its rights were "hollow", this Court granted an order to show cause directed to the defendant as to why a preliminary injunction should not be granted and set the matter down for immediate hearing.

Defendant prior to the hearing filed a Motion to Dismiss and Objection to Plaintiff's Motion for Preliminary Injunction urging:

(1) that this action is barred by the doctrine of *res judicata;*

(2) certain allegations in plaintiff's complaint regarding certain "concessions" related solely to negotiations seeking to arrive at a compromise and are, therefore, inadmissible;

(3) other enumerated grounds, all of which raise the question of the jurisdiction of this court to entertain this action and grant the equitable relief requested.

As part of defendant's motion, many of the pleadings and orders entered in the prior proceeding (Civil Action No. AC–1283) brought by the plaintiff against the defendant and the United States of America, were submitted as exhibits. These exhibits were offered by defendant in support of the defense of *res judicata.* In this action plaintiff seeks to enjoin collection of the same liabilities involved in the prior civil action.

Examination of these exhibits discloses that plaintiff heretofore on November 5, 1963 instituted an action against the District Director and the United States seeking to enjoin collection of the very same liabilities involved in this action, to quash the liens and levies arising out of the assessments, and to, thereafter, quiet title to plaintiff's property. The substance of plaintiff's amended and supplemental complaint in the prior action was the same as alleged here; the prior complaint differing only in that it alleged the defendant had conceded plain-

tiff was liable for only $463,000 of the assessed liabilities as opposed to the $198,000 now alleged. The prior amended complaint also alleged the statutory notices of deficiency (90 day letter) did not comply with Sections 6212 and 6213, Internal Revenue Code of 1954, in that the District Director had not made a valid determination that plaintiff was liable for the full amount of the assessed liabilities of $1,508,033.10, and, therefore, injunctive relief was not barred by Section 7421, Internal Revenue Code of 1954, by virtue of the exception contained therein. Chief Judge Martin in his comprehensive and able opinion (235 F.Supp. 276) considered the identical contentions now being advanced by plaintiff here but still found the Court lacked jurisdiction to entertain the action, and dismissed the suit *with prejudice,* 235 F.Supp. at p. 286. The Fourth Circuit Court of Appeals *(per curiam)* affirmed (348 F.2d 919).

At the hearing, plaintiff presented the testimony of Gene V. Pruet, Esquire, one of the attorneys who represented the plaintiff in the prior action. Pruet testified he was present at various conferences with representatives of the Internal Revenue Service, namely, a revenue agent and the Chief of the Audit Division, at which it was "conceded" the plaintiff was liable only in the amount of $198,000, rather than for the full amount of $1,508,033.10 assessed against the plaintiff. On cross-examination the Government brought out that the plaintiff, together with other related taxpayers, made an offer to the Department of Justice in connection with the prior suit to settle the liabilities of all of the related taxpayers, which offer was rejected by the Department. It was further established that the Department referred the taxpayers, including the plaintiff, back to the Internal Revenue Service for further settlement negotiations, if they desired to negotiate further. Affidavits of the District Director and the Government trial attorney, together with testimony elicited from plaintiff's counsel on cross-examination, establish clearly that the al-

leged concessions were part of the "give and take" of settlement negotiations which took place at the request of the taxpayer (and other related taxpayers); and that a compromise of the liabilities was never consummated, although numerous conferences for that purpose were held. The affidavit of the District Director states that plaintiff as of September 29, 1965, owed $1,881,358.52, which amount included interest to that date on the prior assessments. The testimony of Pruet was offered subject to the objection of Government counsel on the ground that the testimony was inadmissable in this proceeding since it arose out of civil settlement negotiations. The Court reserved its ruling on this objection.

In summary, plaintiff alleges the Government has conceded through his agents that only $198,000 is owed out of the original assessed liabilities of $1,508,-033.10; that by virtue of this the notices of deficiency were invalid to the extent that they exceeded $198,000; that in no event could the defendant prevail on his assessments in excess of $198,000; hence, plaintiff is entitled to injunctive relief by virtue of the exception to Section 7421 relating to the provisions providing for a notice of deficiency and under the rationale of the Supreme Court's decision in Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292.

Plaintiff's contentions can be disposed of summarily because the applicable law as related to the facts of this case has already been exhaustively analyzed in the opinion rendered by Chief Judge Martin in the prior action commenced by this plaintiff (Cooper Agency, Inc. v. McLeod, supra). The question now before this Court is whether the allegations in the complaint and the testimony of Pruet throw a new light on an issue which would seem, at first blush, to have already been settled by the prior decisions which resulted in plaintiff's complaint being dismissed with prejudice. Concisely stated: Can this plaintiff utilize in its pleading, statements extracted from preliminary settlement negotiations which never led to a settlement, to form

a basis for its claim now being asserted in this action? If the answer is negative, the Court has no choice but to dismiss the complaint.

■ While disputed by the plaintiff, there is no doubt whatever from the evidence before this Court in the form of the Government's affidavits and the cross-examination of Pruet, that the sole objective of the conferences at which the alleged "concessions" were made was to attempt to negotiate a settlement of the outstanding liabilities of this plaintiff and of the other related taxpayers. This being so, the allegations in the complaint referring to certain "concessions" are improper. Moreover, the testimony of Pruet pertaining to these "concessions" is inadmissable and the Government's objection to the testimony is sustained. Southern Railway Co. v. Madden, 235 F. 2d 198, 201 (4th Cir. 1956), cert. den. 352 U.S. 953, 77 S.Ct. 328, 1 L.Ed.2d 244. Stripped of these allegations regarding the "concessions", the complaint is vulnerable to defendant's motion to dismiss for the reasons stated in the prior decision.

■■ In passing, it is of interest to note that even if the revenue agents involved had intended to and in fact thought they had made the concessions for all time as plaintiff argues, and not merely for purposes of attempting to negotiate a settlement, their concessions would not have been binding on the Government. For it is established beyond question, that an agent acting outside the scope of his authority, cannot bind the Government. United States v. One Bally Pinball Machine, 231 F.Supp. 871 (E.D.S.C.1964).

Plaintiff does not even allege the two agents alluded to in Pruet's testimony had the authority to make these "concessions". The affidavit of the District Director who obviously is the source of authority, makes it quite clear that the Internal Revenue Service has not conceded that any of the assessments are in error, and further states the current indebtedness of the plaintiff to the Gov-

ernment, by virtue of the assessments in issue, to be $1,881,358.52.

■ Moreover, even considering the concessions were admissible, *arguendo*, the prior action is a bar to the instant action. Plaintiff urges that the prior decision of this very Court is not *res judicata*. Plaintiff suggests the Court's prior decision dismissing the complaint with prejudice was not on the "merits", and, therefore, not conclusive. Plaintiff, however, overlooks the fact that the identical defense, i. e., invalidity of the statutory notices of deficiency, was not only raised, argued, and briefed in the prior action, but specifically commented in Chief Judge Martin's prior decision, 235 F.Supp. at pp. 282–283. Plaintiff is again attacking the notices, hoping to come within the exception to Section 7421. The Court's opinion, affirmed *per curiam* by the Fourth Circuit, explicitly holds the notices of deficiency involved herein to comply in all respects with the statute. To that extent the decision would seem to be on the "merits". Consequently, plaintiff is barred from again questioning the validity of the notices of deficiency. Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898. As the Supreme Court stated in Sunnen:

> The general rule of res judicata applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which has offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." * * * The judgment puts an end to the cause of action, which cannot be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

A litigant's "day in court" encompasses only one figurative day. When the sun sets on that "day", no exhortation, no matter how eloquent, can persuade its return.

■■ Lastly, if for no other reason, plaintiff's complaint must be dismissed under the rationale of Enochs v. Williams Packing & Nav. Co., supra. The prior opinion makes it abundantly clear that this Court would have jurisdiction in spite of the bar of Section 7421, only if under no circumstances could the Government ultimately prevail. Additionally under the two-pronged test, plaintiff must establish it had no adequate remedy at law. Here plaintiff has failed to carry this "double burden". First, even under plaintiff's own complaint, the Government, on the record before this Court, could ultimately prevail in establishing plaintiff's liability to the extent of the $198,000, albeit not to the extent of the total assessments. Plaintiff does not deny this. Plaintiff, under its own theory, is barred by the doctrine expressed in Williams Packing, supra. See also Galanti v. United States, 244 F.Supp. 528 (D.N.J.1965). Plaintiff's attempt to separate the amount it "concededly" owes from the amount greater, which it disputes, must fail. If plaintiff was correct, the entire congressional purpose could be thwarted by admitting liability for a *de minimis* amount, and seeking injunctive relief anent the remainder.

■ Plaintiff also had an adequate legal remedy, as stated by Chief Judge Martin, in that it could have, but elected not to petition the Tax Court of the United States. See note, 78 Harv.L.Rev. 994 (1965).

Plaintiff's complaint and prayer for injunctive relief cannot be sustained. It will again be dismissed with prejudice.

And it is so ordered.