**COOPER AGENCY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 70–1023.

United States District Court,
D. South Carolina,
Columbia Division.

June 1, 1971.

Henry H. Edens, of Edens & Lathan, Columbia, S. C., for plaintiff.

John K. Grisso, U. S. Atty., D. of South Carolina, Columbia, and Wistar O. Stuckey, Asst. U. S. Atty., Columbia, S. C., for defendant.

## ORDER

HEMPHILL, District Judge.

Defendant's motion to dismiss projects this case before this court for a decision, the fourth in a series of litigations arising out of tax assessments against plaintiff and related taxpayers. Initially, Chief Judge Martin ruled on the efforts of the taxpayers to forestall collection. Cooper Agency Inc. v. McLeod (D.C.S.C.1964), 235 F.Supp. 276; affirmed per curiam 348 F.2d 919. The Circuit Court opinion was filed August 4, 1965 and on September 27, 1965, taxpayer(s) again commenced action seeking an injunction against any action by the District Director of Internal Revenue to collect certain alleged tax liabilities. On defendant's motion to dismiss this court dismissed the complaint with prejudice. Cooper Agency v. McLeod (D.C. S.C. October 28, 1965), 247 F. Supp. 57. This decision was not appealed. After this decision was reported

the parties began negotiations toward a compromise settlement of claims for $1,-250,000.00 and plaintiff paid the sum agreed upon, whereupon the District Director released his liens and abandoned further collection processes, and perfected other administrations and agreements toward a complete settlement. Allocation of the payment was agreed upon. Exactly[1] two years after the settlement agreement plaintiff filed claim for a refund. Upon rejection plaintiff commenced a third action. Motions for summary judgment resulted in the granting of defendant's motion by the court. Cooper Agency v. United States (D.C. S.C.1969) 301 F. Supp. 871 affirmed 422 F.2d 1331 (April 8, 1970). On November 18, 1970, plaintiff filed this suit seeking to set aside the judgments on the suits previously heard before Judge Russell (Civil Action No. 68–533, one and the same as 301 F.Supp. 871) and this writer (AC–1804), one and the same as 247 F.Supp. 57, and, in effect, asking the refund refused by Judge Russell. Various counsel represented the parties throughout the series.

A short history of the action spotlights the highlights.

On September 16, 1963, there were certain jeopardy transferee assessments made against the plaintiff totaling $547,040.40, including interest. Statutory notices of deficiency dated September 16, 1963, reflecting these assessments, were mailed to the plaintiff advising the plaintiff of its right to petition the Tax Court within 90 days from the date of the letter in the event the plaintiff elected to contest the assessments in the Tax Court. Plaintiff was also notified by additional statutory notices of deficiency which were dated September 16, 1963, that the defendant would make additional assessments against the plaintiff totaling $960,988.-00, including interest, and notifying plaintiff of its right to petition the Tax

Court. The plaintiff thereafter on November 5, 1963, well within the period during which the plaintiff could have petitioned the Tax Court for a redetermination of its liability, filed a complaint (Civil Action No. 1283) in this district, seeking injunctive relief against the outstanding and the proposed assessments. The plaintiff contended among other things that the notices of deficiency upon which the assessments were based were defective, thereby rendering the assessments null and void. The court sustained the sufficiency of the notices of deficiency and denied relief to the plaintiff in that action. Cooper Agency, Inc. v. McLeod, D.C., 235 F.Supp. 276, supra.

At the conclusion of the above action negotiations were held between the plaintiff and representatives of the Internal Revenue Service in an attempt to affect a settlement of the plaintiff's and other associated taxpayers' liabilities. These negotiations did not result in a compromise in whole or in part of the plaintiff's tax liabilities. Thereafter, Civil Action No. AC–1804 was commenced in this court on September 27, 1965, when the plaintiff filed the complaint together with a motion for preliminary injunction against Harold M. McLeod, District Director of Internal Revenue Service. Briefly, the plaintiff alleged that the Government conceded through an agent during the settlement negotiations that only $198,000 out of the original assessments were owed by the plaintiff. The plaintiff then contended that the notices of deficiency were invalid to the extent that they exceeded $198,000. The Government denied that any concession had been made by its agent and objected to the admissibility of testimony concerning statements made during the negotiations. An affidavit of the District Director of Internal Revenue was filed stating that the plaintiff as of September 29, 1965, owed a total of $1,-881,358.52 on the assessment made on September 16, 1963, and on the addition-

---

1. This is set forth in the opinion of United States District Judge Donald S. Russell, D.C., 301 F.Supp. 875.

al assessment made on February 7, 1964, including interest to the date of the affidavit. This action was dismissed on the motion of the defendant. Cooper Agency v. McLeod, D.C., 247 F.Supp. 57, supra. The rationale for the decision and the facts upon which it is based are fully laid out by the court in its opinion.

Thereafter, the plaintiff and all associated parties renewed the settlement negotiations and on November 24, 1965, the plaintiff, acting on behalf of all the taxpayers involved, submitted an offer in writing of $1,250,000 to compromise all assessments made or proposed. The agreement further stated that the parties should agree upon the allocation of payments made against the various assessments. The offer of the plaintiff was accepted and the amount paid.

On November 24, 1967, a claim for refund was filed for recovery of $1,192,405.43, of the $1,250,000 paid pursuant to the accepted offer, plus interest, by the plaintiff, Cooper Agency. A statutory notice of disallowance of the refund was issued on May 23, 1968, and a suit for refund was commenced on June 18, 1968, in this court. This suit resulted in a judgment for the defendant denying any refund to the plaintiff. Cooper Agency v. United States, D.C., 301 F. Supp. 871, supra. In that action the plaintiff served upon the defendant, United States of America, interrogatories specifically asking the defendant to confirm the fact that the total amount due by the plaintiff as transferee on September 16, 1963, was $463,118.55, plus interest or a total of $547,044.49. Defendant's answer to the interrogatories specifically stated that the above-cited figures of the plaintiff were in accord with the official records of the Internal Revenue Service. Thereafter, an amended answer stated that the official records of the Internal Revenue Service reflected that five assessments in addition to those mentioned above were proposed on September 16, 1963, and that statutory notices of deficiency covering the proposed assessments were issued on September 16, 1963. The amended answer to plaintiff's interrogatories clearly states that the Internal Revenue Service records reflect the total tax liability proposed and assessed as of September 16, 1963, to be $1,412,522.38, plus interest.

Thereafter, on September 23, 1970, the plaintiff served and filed Notices of Motion under Rule 60(b) of the Federal Rules of Civil Procedure seeking orders granting relief from the operation and effect of the judgments entered by the court in the cases of Cooper Agency v. United States, Civil Action No. 68–533, and Cooper Agency v. McLeod, Civil Action No. AC–1804. On November 16, 1970, the plaintiff requested the Notices of Motion be withdrawn and it was so ordered on that date. On November 18, 1970, the plaintiff filed a complaint in this action containing similar allegations to those contained in the aforementioned motions. The United States has filed Motion to Dismiss now before this court.

## JURISDICTION

■ This court lacks jurisdiction over the subject matter. The action here, in effect, is to set aside the judgment in Civil Action No. 65–533 (D.C., 301 F.Supp. 871). Plaintiff seeks to do indirectly that which Judge Russell ruled could not be done directly. Judge Russell's order in Civil Action No. 65–633 effectively affirmed the compromise which included the issues attempted in Civil Action No. AC–1804 (D.C., 247 F. Supp. 57). The language employed by plaintiff does not disguise the attempt.

Furthermore, the District Court is not a proper place for plaintiff to seek relief. The United States Fourth Circuit Court of Appeals has affirmed, 422 F. 2d 1331, and if plaintiff is entitled to any relief he must first seek leave of the appellate court to pursue further proceedings in the trial court below. Mid-Eastern Electronics Inc. v. First National Bank of Southern Maryland (CCA 4 1967), 380 F.2d 355; Tribble v. Bruin (CCA 4 1960), 279 F.2d 424. The District Court has no power to re-

open and review without sanction of the appellate court. Carpenter v. Rohm & Haas Co., D.C., 9 F.R.D. 535, affd. (CCA 3 1950) 180 F.2d 749. It can only exercise such power as is directed by the Court of Appeals. Davis Harvester Co. v. Long Mfg. Co. (D.C.N.C.1967), 283 F. Supp. 536. Plaintiff in effect is asking this court to reverse the appellate court's mandate. The court has no jurisdiction to do so.

## THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The basis of plaintiff's claim (paragraph 17 of the complaint) is that this court has been misled by the sworn statements filed by the Government. Thus, the action is predicated entirely on the allegation that the affidavit filed by the District Director, showing that the plaintiff owed the Government $1,881,858.52, alleging such constituted a misrepresentation · of fact. Plaintiff maintains that the records of the Internal Revenue Service show that the plaintiff as transferee was never determined by the Commissioner of Internal Revenue to be liable for more than $463,118.55, plus interest. As the answers to interrogatories clearly show, the Internal Revenue Service records reflect that the total tax liability proposed and assessed against the plaintiff as of September 16, 1963, was $1,412,522.58,[2] plus interest. Plaintiff apparently would have the court disregard the additional assessments which were proposed on September 16, 1963, and made on February 7, 1964.

The plaintiff has twice objected that the notices of deficiency upon which these assessments were based were defective, and that therefore the assessments were null and void. However, the validity of the notices has been upheld both in Cooper Agency Inc. v. McLeod, D.C., 235 F.Supp. 276, supra, and in Cooper Agency v. McLeod, D.C., 247 F. Supp. 57, supra. It is significant to note that the very issue of misrepresentation upon which the plaintiff predicates his complaint in this case was raised by the plaintiff in Cooper Agency v. United States, D.C., 301 F.Supp. 871, supra. The court specifically stated at page 879:

Thus, the plaintiff argues that, as evidenced by an admission extracted from the defendant by one of plaintiff's interrogatories, the total outstanding assessments against the plaintiff on September 16, 1963, were only $463,118.55. Despite this, the defendant, through threats of levies, forced the plaintiff to pay $1,192,405.43 in settlement of such assessments. This is not the full story, though; and the facts will not support plaintiff's contention in this regard.

Plaintiff fails to allege a cause of action triable in this forum at this time.

## THE DECISION OF THE COURT IN COOPER AGENCY v. UNITED STATES, D.C., 301 F.Supp. 871, IS *RES JUDICATA* TO THIS ACTION

Under the time-honored doctrine of *res judicata,* a judgment in a prior action (1) between the same parties which involves (2) the same issues is conclusive upon the court wherein the latter action is brought. Woolley v. Eastern Airlines, Inc., 273 F.2d 615 (C.A. 5, 1960), cert. denied 362 U.S. 969, 80 S.Ct. 956, 4 L.Ed.2d 901 (1961). If these two elements are present, the court consequently lacks jurisdiction to hear the suit and a motion to dismiss the complaint will lie. Brooks v. Pennsylvania R. R. Co., 178 F.2d 602 (C.A. 5, 1949).

There is no doubt that the two requisite elements are present in the instant case. The parties are the same *i. e.,* Cooper Agency and the United States of America. Similarly, the issues are identical. In determining the identity of issues, the test used by the courts is whether the same evidence would suffice to sustain both issues. If it would, the

---

2. Which totaled $1,881,858.52, with interest computed to September 29, 1965.

judgment in the first action is a bar to the latter. Syms v. McRitchie, 187 F.2d 915 (C.A. 5, 1951). It is apparent from the complaint that the plaintiff has introduced no new theory of recovery nor additional evidence to support his claim. In essence, then, plaintiff is urging upon this court the same issue of misrepresentation which was clearly decided in Cooper Agency v. United States, D.C., 301 F.Supp. 871. The evidence presented to the court at the time of this decision was sufficient to sustain a determination of the issue presented herein. Consequently, the doctrine of *res judicata* should be invoked by this court to preclude the plaintiff from relitigating the issue.

## DISMISSAL IS PROPER UNDER RULE 41(b)

██ The allegations contained in the complaint are identical in subject matter to those set forth in the motions previously filed by the plaintiff in the above-cited civil actions. At a time when these motions were fully briefed and argued before this court, and a decision imminent, the plaintiff withdrew the motions. This action by the plaintiff, in view of the fact that the issues had been already litigated, constituted a flagrant attempt to circumvent the rules and orders of this court and is grounds for dismissal of the complaint under Rule 41(b), Federal Rules of Civil Procedure.

The purpose of Rule 41(b)[3] authorizing dismissal of an action for failure to prosecute is to prevent unnecessary harassment and delay in litigation. Barger v. Baltimore & Ohio R. R. Co., 75 U.S.App.D.C. 367, 130 F.2d 401 (1942). The grounds for dismissal of an action under Rule 41(b) are, of course relative, with the seriousness of fault being measured to a large extent by the duty of the plaintiff to exercise diligence. United States ex rel. Shinn v. State of Tenn., 74 F.Supp. 635 (E.D. Tenn.1947). The complaint before this court constitutes harassment of the defendant with respect to matters that have been fully litigated and with respect to which the plaintiff has been fully heard by the court. In view of the entire procedural history of the present litigation, it is clearly within the discretion of this court to dismiss the complaint. For this reason the Complaint should be dismissed, with prejudice.

## APPLICATION OF RULE 60

██ In effect, plaintiff seeks relief under provisions of Rule 60(b), applicable parts of which provide:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; * * * or (6) any other reason justifying relief from the operation of the judgment. * * * This rule does not limit the power of a court to

---

3. Fed.R.Civ.P. 41(b) provides:
 Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

entertain an independent action to relieve a party from a judgment, order, or proceeding * * * or to set aside a judgment for fraud upon the court.

As to Civil Action No. AC–1804, Cooper Agency v. McLeod, 247 F.Supp. 57, the final judgment, not appealed from, was entered October 28, 1965. This is more than one year prior to the institution of this suit, and Rule 60(b) provides a one year statute of limitation for relief from fraud (reason (3) above). The action as to this judgment is barred by time. Fiske v. Buder (CCA 8, 1942), 125 F.2d 841; Keys v. Dunbar (CCA 9, 1969), 405 F.2d 955; McKinney v. Boyle (CCA 9, 1968), 404 F.2d 632, cert.den. 394 U.S. 992, 89 S.Ct. 1481, 22 L.Ed.2d 767, Bowles v. J. J. Schmitt & Co. (CCA 2, 1948), 170 F.2d 617. Rule 60(b) (6) gives this court no authority to grant relief under 60(b) (3) where the relief is barred by the one year statute, United States v. Karahalias (CCA 2, 1953), 205 F.2d 331.

This court realizes that appellate courts have given broad discretion on the matter.[4] However, various tribunals have set the boundaries of that discretion. There must be clear and convincing evidence of the fraud. Atchison, T. & S. F. Ry. Co. v. Barrett (CCA 9, 1957), 246 F.2d 846; Divito v. Fed. & Deposit Co. of Md. (CCA 7, 1966), 361 F.2d 936; Jungersen v. Axel Bros., Inc. (D.C.N.Y.1954), 121 F.Supp. 712, affirmed 217 F.2d 646. Where movant is merely attempting to relitigate, relief will be denied. Mastini v. Am. Tel. & Tel. Co. (CCA 2, 1966), 369 F.2d 378, cert. denied 387 U.S. 933, 87 S.Ct. 2055, 18 L.Ed.2d 994. Where a settlement has been reached the court will carefully scrutinize the effort to reopen the settled issues. Chas. Pfizer & Co. v. Davis-

Edwards Pharmaceutical Co. (CCA 2, 1967), 385 F.2d 533.

Finally, this court again refers to the opinion of Judge Russell (now Circuit Judge) in 301 F.Supp. 871, supra. The clear analysis there propounded exposes the frivolity of plaintiff's claim here.

For the reasons herein above stated defendant's motion to dismiss is granted. The complaint is dismissed with prejudice.

And it is so ordered.

---

4. "The court has considerable discretion in motions for relief from judgments and the teaching of experience is that the courts will not permit technicalities to prevent them from remedying injustice. Laudable as this goal is, the rule requires the courts to balance it against the desire to achieve finality in litigation. Wright: Law of Federal Courts, Second Edition, 1970, citing In Re Casco Chem. Co. (CCA 5, 1964), 335 F.2d 645, 651.