**UNITED STATES v. ANDERSON APART-MENTS, Inc.**

Civ. A. No. 1328.

United States District Court
W. D. South Carolina, Anderson Division.
Aug. 17, 1953.

John C. Williams, U. S. Atty., and Chester D. Ward, Jr., Asst. U. S. Atty., Greenville, S. C., for plaintiff.

Long, McCrae, Rittenberg & Seymour, Charleston, S. C., for defendant.

WYCHE, Chief Judge.

The above case is before me upon motion of the plaintiff for summary judgment, and motion of the defendant for summary judgment.

The complaint alleges: (2) That the defendant, Anderson Apartments, Inc., is a corporation organized and existing under the laws of South Carolina with its principal place of business at Anderson, South Carolina.

(3) That on or about April 6, 1950, Anderson Apartments, Inc., for value received, executed and delivered a mortgage note to The First National Bank of Atlanta, Georgia, a corporation organized and existing under the laws of the United States of America, in the principal sum of $424,000 with interest on unpaid balance at the rate of four per cent. per annum and being due and payable in monthly installments as follows: Interest alone payable monthly on the first day of May, 1950, and on the first day of each month thereafter to and including September 1, 1951. Thereafter commencing on the first day of October, 1951, installments of interest and principal shall be paid in the sum of $1,943.33 each, such payments to continue monthly thereafter on the first day of each succeeding month until the entire indebtedness has been paid. In any event the balance of principal (if any) remaining unpaid, plus accrued interest, shall be due and payable on April 1, 1984. The installments of interest and principal shall be applied first to interest at the rate of four per centum upon the principal sum or so much thereof as shall from time to time remain unpaid, and the balance thereof shall be applied on account of principal.

Said note provided in its terms that upon default in the payment of any installment under this note, and if such default is not made good prior to the due date of the next such installment, the entire principal sum and accrued interest shall at once become due and payable without notice at the opinion of the holder of this note; that failure to exercise this option would not constitute a waiver of the right to exercise the same in the event of any subsequent default. Said note bears the endorsement from The First National Bank of Atlanta to The New York Savings Bank and from The New York Savings Bank to Walter L. Greene, as Federal Housing Com-

missioner, an agent of the United States of America, his successors and assigns.

(4) That on or about April 6, 1950, in order to secure the payment of the indebtedness represented by the mortgage note described in paragraph three and in accordance with the terms thereof, the said Anderson Apartments, Inc., executed in favor of The First National Bank of Atlanta, Georgia, its mortgage conveying to The First National Bank of Atlanta, Georgia, all of that tract or parcel of land situate and lying in the City of Anderson, County of Anderson, State of South Carolina, and more particularly described therein. That the said mortgage was duly recorded in the office of the Clerk of Court for Anderson County, South Carolina, on April 6, 1950, in Mortgage Book 284, Page 180. That on or about January 15, 1952, the Anderson Apartments, Inc., in order to further secure the mortgage note, as set forth in Paragraph 3, executed a second mortgage in favor of the New York Savings Bank. That the said second mortgage included property that was originally intended to be covered by the said first mortgage and was executed as a supplement to the aforementioned first mortgage. That the aforesaid second mortgage was filed for record on January 16, 1952, in the office of the Clerk of Court for Anderson County, South Carolina, in Mortgage Book 299, Page 165.

[(5) That the Federal Housing Administration, pursuant to the provisions of the National Housing Act, 12 U.S.C.A. § 1701 et seq., did, on April 11, 1950, insure the said The First National Bank of Atlanta, Georgia, under its loan to the Anderson Apartments, Inc., on said mortgage approved by the Federal Housing Commissioner.

(6) That on or about August 2, 1951, in order to further secure the payment of the indebtedness represented by the mortgage note described in paragraph three, the said Anderson Apartments, Inc., executed in favor of The First National Bank of Atlanta, Georgia, its chattel mortgage, which was recorded in the office of the Clerk of Court for Anderson County, South Caro-

lina, in Chattel Mortgage Book C-159, Page 244.

(7) That on September 26, 1951, The First National Bank of Atlanta, Georgia, assigned the mortgage, as set forth in Paragraph 4, to The New York Savings Bank. That said assignment of the mortgage was duly recorded in the office of the Clerk of Court for Anderson County, South Carolina, in Satisfaction Book 7, Page 103.

(8) That on or about September 26, 1951, The First National Bank of Atlanta, Georgia, assigned the Chattel Mortgage, as set forth in Paragraph 6, to The New York Savings Bank. That said assignment of the Chattel Mortgage was duly recorded in the office of the Clerk of Court for Anderson County, South Carolina, and now appearing of record in Satisfaction Book 7, Page 103.

(9) That on or about August 14, 1952, The New York Savings Bank assigned the mortgage, as set forth in Paragraph four, to Walter L. Greene, as Federal Housing Commissioner. That said assignment of the mortgage was duly recorded in the office of the Clerk of Court for Anderson County, South Carolina, in Satisfaction Book 7, Page 182.

(10) That on or about August 14, 1952, the said The New York Savings Bank assigned the Chattel Mortgage, as set forth in Paragraph six, to Walter L. Greene, as Federal Housing Commissioner. That said assignment of the Chattel Mortgage was duly recorded in the office of the Clerk of Court for Anderson County, South Carolina, in Satisfaction Book 7, Pages 183 and 184.

(11) That on September 3, 1952, The Title Guarantee Company of Baltimore, Maryland, executed an endorsement to their Title Insurance Policy Number SC-M-771, showing the Federal Housing Commissioner as the insured. That said title insurance policy reflects the mortgage lien as the prior lien or encumbrance, except as reflected under Schedule B attached thereto.

(12) That the Anderson Apartments, Inc., failed to meet the amortized monthly installments due under the mortgage note as set forth in Paragraphs Three and Four

hereof, on April 1, 1952, and it became in default and has so remained since that date. That The New York Savings Bank acting in accordance with the provisions of the contract of mortgage insurance between it and the Federal Housing Administration and because of such default did, on September 2, 1952, assign the real estate mortgages and chattel mortgage, as set forth in Paragraphs 4 and 6, to the Federal Housing Commissioner in exchange for debentures of the War Housing Insurance Fund, the assignment of the said mortgages and chattel mortgage having been recorded on or about September 2, 1952.

(13) That the Federal Housing Commissioner, an agent of the United States, is the owner and holder of the said real estate mortgage and chattel mortgage; that the default that occurred on or about April 1, 1952, has not been cured, but has grown steadily worse. That the Anderson Apartments, Inc., is in possession of the mortgaged premises and was until October 4, 1952, when a Receiver was appointed by the United States District Court collecting the rents and the benefits therefrom, and was making no payments on its debts, either principal or interest, and has failed and refused to pay accruals to taxes and insurance on the property, casting upon the Federal Housing Administration the burden and necessity of payment the same in order to protect its security. That the balance due under the mortgage note as of April 1, 1952, was $420,662.82, which said balance will bear interest at the rate of four per cent. per annum from April 1, 1952, until the date of judgment.

It is my opinion that the answer in effect admits the material allegations of this complaint. However, the defendant sets up the following defenses: That the Federal Housing Administration as sole preferred stockholder is required to operate the project during the period of default of the monthly payments on the mortgage; that the Federal Housing Administration as a paid insurer is required to operate the defendant corporation and the apartment project during the period of default on the monthly payments on the mortgage; that the ownership of the mortgage by plaintiff is impressed with a trust in behalf of the defendant; that the Court should reform the contract between the parties to make it conform to the true agreement; that the Court should force the Federal Housing Administration to grant unto the defendant all savings in interest rate secured by the Federal Housing Administration in the ownership of the mortgage; that Anderson Apartments, Inc., having offered to surrender the control and the operation of the corporation to the Federal Housing Administration that they should be forced to accept the same, operate the project until the default ceases in the payments on the mortgage and be enjoined from the attempted foreclosure of the mortgage; that the Federal Housing Administration is estopped from accelerating the payments on the mortgage and foreclosing on the mortgage in that the default in the payments on the mortgage is the result of the arbitrary and oppressive regulations imposed upon the defendant in the operation of the project.

Defendant's main contention is that the Federal Housing Administration as sole preferred stockholder is required to operate the project during the period of default of the monthly payments on the mortgage. In my opinion this contention cannot be sustained; the right of the Commissioner to assume control and management of the project, in the event of default, is merely discretionary; it is not mandatory. There is no reasonable ground upon which to sustain defendant's contention that the default in the payments on the mortgage is the result of the arbitrary and oppressive regulations imposed upon the defendant in the operation of the project. The other defenses are based largely upon allegations of promises and representations of agents of the Government made in excess of such agents' authority, and upon allegations of oral representations of Government agents which attempt to change the provisions of the written note and mortgage. The United States is neither bound nor estopped by acts of its officers or agents in entering into an arrangement or agreement to do or cause to be done that which

the law does not sanction or permit. United States v. City and County of San Francisco, 310 U.S. 16, 60 S.Ct. 749, 84 L.Ed. 1050; Utah Power & Light Co. v. United States, 243 U.S. 389, 409, 37 S.Ct. 387, 61 L.Ed. 791; Felder v. Federal Crop Ins. Corp., 4 Cir., 146 F.2d 638.

For the foregoing reasons, it is my opinion that the motion of the defendant for summary judgment should be denied and that the motion of the plaintiff for summary judgment should be granted, and

It is so ordered.

Counsel may submit appropriate order for the foreclosure of the mortgage prayed for in the complaint.