**ADAMSVILLE LUMBER COMPANY, INC., Plaintiff,**

**v.**

**Bobby F. RAINEY and wife, Carolyn Rainey, et al., Defendants.**

**Civ. A. No. 2020.**

United States District Court,
W. D. Tennessee, E. D.
April 18, 1972.
Order May 18, 1972.

James A. Hopper, Savannah, Tenn., for plaintiff.

Asst. U. S. Atty. Kemper B. Durand, Memphis, Tenn., for the United States.

Victor Schneider, Jackson, Tenn., for Rainey and wife.

E. J. Nunn, Jackson, Tenn., for Continental Ins. Co.

## MEMORANDUM OPINION

WELLFORD, District Judge.

Plaintiff, Adamsville Lumber Company, Inc., sued a resident of Hardin County, Bobby F. Rainey, and his wife; Continental Insurance Company, (herein called Continental) and the United States by and through Farmers Home Administration, (herein called F.H.A.) and Paul M. Koger (F.H.A.'s District Director) as Trustee in the Chancery Court of Hardin County, Tennessee. F. H.A., after causing removal to this Court, filed an answer and a cross-claim seeking to have the asserted lien of F. H.A. be declared a prior lien to the asserted mechanic and materialmen's lien of plaintiff. Plaintiff was permitted to amend to assert a claim that agents of F.H.A. acted as agents of the Raineys and that therefore both Rainey and F. H.A. had breached an understanding with plaintiff. Continental issued a homeowner's policy to the Raineys on the property in contention and paid certain moneys into court, $6,045.00 of which went to the Raineys (and consequently to F.H.A. on its mortgage). A balance which they claimed to owe to plaintiff was also paid into court by Continental.

The Raineys made an application with the Farmers Home Administration on the 24th day of June, 1969, for a loan of $12,300.00 with which to build a home. The loan was approved on the first day of December, 1969, for $12,300.00.

The Raineys executed their promissory note on the 30th day of December, 1969, evidencing their aforesaid indebtedness owing F.H.A. in the sum of $12,300.00, together with interest thereon at the rate of six and one-fourth per cent per annum. This indebtedness is secured by a deed of trust on certain property in the First Civil District of Hardin County, Tennessee.

On the 30th day of December, 1969, the said Bobby F. Rainey entered into a construction contract with Adamsville Lumber Company whereby Adamsville contracted and agreed to furnish all material and labor required in the construction of a residence for the Raineys according to special plans and specifications dated October 29, 1969.

The consideration to be paid by the Raineys to Adamsville for its construction of the aforesaid residence was $11,950.00, to be paid as the said construction contract provided in part as follows:

"The owner" (Rainey and wife) "will make payments as follows: Partial payments will be made at intervals of 14 days and in the amount of sixty per cent of the value of the work in place (less the aggregate of previous payments estimated by the contractor and approved by the owner and the Farmers Home Administration). Prior to receiving any partial payments, the contractor will furnish the owner with a statement showing the total amount owed to date for materials and labor procured under this contract and, if required by the owner or the Farmers Home Administration, must also submit evidence showing that previous partial payments were properly applied and that the current payment will be properly applied. Upon completion of the whole contract and acceptance of the work as required hereunder, by the owner and the Farmers Home Administration, and compliance by the contractor with all terms and conditions of this contract, the amount due the contractor will be paid."

On or about March 18, 1970, the Raineys paid to Adamsville the sum of $6,045.00 as part-payment on its construction of their residence, leaving a balance owing on said construction contract of $5,905.00.

On or about April 7, 1970, Adamsville had completed the construction of the Rainey residence with certain exceptions of some windows and shutters and minor items, the total cost of which, including labor, would have been $189.02. Neither the Raineys nor F.H.A. had accepted the residence, but neither complained about the manner or quality of construction at that time.

On February 19, 1970, by its duly authorized agent, the defendant Continental issued a homeowners policy in the amount of $12,000.00, on the dwelling in issue, $1,200.00 appurtenant structures, $1,200.00 additional living expenses, for a total of $110.00 for a period of February 19, 1970 through February 19, 1973, to the Raineys with an additional assured, F.H.A. The defendant Rainey paid at the inception of the policy the sum of $70.00.

Under the facts as herein stated, the Court finds that there was no constructive acceptance by the Raineys or by anyone else concerned, whether on their behalf or F.H.A.'s, of the house, although unquestionably it was nearly complete at the time of the fire.

Adamsville claims that it has complied with Tennessee law as to perfection of lien and therefore should be given priority over the F.H.A.'s mortgage. It's theory is that since F.H.A. did not give it notice of its interest as required by T.C.A. § 64–1108, and since plaintiff had no actual notice of the mortgage, it should prevail. If we were bound to apply the state statute, which reads as follows:

"Priority over mortgage.—If the contract be made with the mortgagor, and the mortgagee has written notice of the same, before the work is begun or materials furnished, and consent thereto, the lien shall have priority over the mortgage; and if he fail to object, in writing, within ten (10) days after receipt of the notice, his consent shall be implied."

we would look to its interpretation as established in Neely v. Clarence Saunders Co., 169 Tenn. 30, 81 S.W.2d 390 (1935).

The F.H.A. lien involved in this litigation evidences a Rural Housing loan that the Raineys obtained from the United States, acting through the F.H.A., pursuant to Title V of the Housing Act of 1949 (42 U.S.C. § 1471 et seq.) and the regulations issued pursuant thereto. These regulations were published in the Federal Register and the Code of Federal Regulations, have the force and effect of law, and all persons affected thereby are charged with legal notice of their provisions. FCIC v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L. Ed. 1158 (1947); 44 U.S.C. § 1507.

F.H.A.'s deed of trust must constitute a first lien on the premises as verified by a title examination before the loan is closed. 7 C.F.R. §§ 1822.15(b)(1), 1807.2. The loan funds are then deposited in a supervised bank account under a Deposit Agreement whereby the borrower, the depositary bank, and the F.H.A. agree that the loan funds may be expended only for approved purposes, e. g., to pay for the house. Under the terms of the Deposit Agreement, the borrowers also pledge the unexpended loan funds on deposit as additional security for the loan. Thus it can be seen that as the moneys are paid out for construction, the value of the real estate security is increased by an amount proportionate to the diminution of the supervised bank account, with the F.H.A. being at all times well secured as required by 42 U.S.C. § 1472. Covenant 8 of the deed of trust contains a proviso requiring the borrowers to provide acceptable casualty insurance on the improvements (7 C.F.R. § 1806) with the United States being named as mortgagee under a loss payable clause.

The priority of any lien depends on the "time it attached to the property in question and became choate". United States v. City of New Britain, 347 U.S. 81, 86, 74 S.Ct. 367,

370, 98 L.Ed. 520 (1954). Liens are "perfected in the sense that there is nothing more to be done to have a choate lien—when the identity of the lienor, the property subject to the lien, and the amount of the lien are established". United States v. Pioneer American Ins. Co., 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963). This rule has broad application and pertains not only to federal tax liens but also to federal mortgage liens. Beal v. Allen, 287 F. Supp. 126 (D.C.Me., 1968); United States v. Roesling, 280 F.2d 933 (5th Cir., 1960).

■ In this case the F.H.A. recorded its deed of trust on December 30, 1969. The plaintiff does not contend that it even commenced work prior to late January, 1970. Thus, the mere existence of the contract does not give plaintiff a lien for the entire amount to be owed upon completion. In fact, it was only by subsequent performance that the contractor became entitled to anything.

■ In an effort to perfect his claim in advance, so to speak, the plaintiff asserts that the alleged debt to him has priority over the F.H.A. deed of trust because of a state statute, T.C.A. § 64–1108. This enactment purports to give a materialman's claim priority over a recorded deed of trust only under certain limited conditions. This assertion has no merit here since Tennessee law cannot modify a Congressional statute and regulations giving the F.H.A. priority under all applicable circumstances here. Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L. Ed. 838 (1943). See United States v. Helz, 314 F.2d 301 (6th Cir., 1963), United States v. Carson, 372 F.2d 429 (6th Cir., 1967) and Forcum-Lannon v. Berry, et al., #C–71–109 (Judge Brown, W.D., Tenn., 2–2–72). In applying the Federal "first in time, first in right" rule, we must decide in favor of F.H.A.'s lien over plaintiff's asserted lien.

Plaintiff, however, asserts it has a claim because F.H.A. acting as agent for the owner somehow misled it, or acted wrongfully in not seeing to it that the landowners procured insurance for plaintiff's benefit.

■ The plaintiff has not cited this Court, nor do we believe there is any Act or regulation governing the activities of the F.H.A. either indicating or suggesting some duty, created by contract or otherwise, owed by the F.H.A. to the plaintiff. The legislative history of the relevant Acts make it clear that Congress intended to benefit and protect only the Government. United States v. Lawrence Towers, Inc., 236 F.Supp. 208, 210 (E.D.N.Y., 1964). This view of the law is emphasized by United States v. Neustadt, 366 U.S. 696, 709, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961).

■ If plaintiff seeks to rely on any theory of deceit or misrepresentation, such a claim would be barred by the Federal Torts Claim Act which excludes all claims arising out of negligent as well as deliberate misrepresentation. United States v. Neustadt, *supra.*

Adamsville also asserts estoppel because government counsel in a motion to dismiss herein filed did not claim that it was due $942.24 it now claims from the Raineys.

■ Plaintiff's reliance on estoppel is misplaced since ordinarily estoppel does not apply against the sovereign. United States v. Woodland Terrace, Inc., 293 F.2d 505, 509 (4th Cir., 1961); United States v. Anderson Apartments, 114 F.Supp. 69, 71 (D.C.S.C., 1953). See also United States v. Rossi, 342 F.2d 505, 506–507 (9th Cir., 1965). F.H.A. is not, therefore, estopped by actions of its agent nor by its attorney, to assert its claim for the additional $942.24 it now claims (and which the Raineys concede is due).

■ Plaintiff claims that defendant Raineys breached an agreement with it to provide insurance protection. Yet, in essence, plaintiff's assertion amounts to no more than that Mr. Rainey told Mr. Williams, Adamsville owner, that "the home was insured," and "it assumed

that the type policy obtained by the owners under the direction of F.H.A. was a builders risk policy". In fact, however, Rainey obtained from Continental only a homeowner's policy showing F.H.A.'s mortgage interest, not reflecting Adamsville as an additional assured. Since Rainey and not plaintiff paid for the insurance, and since plaintiff has failed to carry its burden of proof on that issue, we find for defendant Raineys on the question of breach of agreement.

Clearly, however, plaintiff was given to understand that its interests would be protected by insurance, as customarily it carried builders risk insurance on F.H.A. projects of this type. Continental was, in fact, at or about the time of beginning construction given or exposed to information about the contractor's role as well as F.H.A.'s, and it knew that it was unusual to issue a homeowner's rather than a builder's risk policy under these circumstances, and it never reduced the limits of the policy even during the period of construction. At the same time, Continental now denies that it owes anything more than the $7,056.-59 which it has paid into Court, although the house was substantially completed at the time of the fire.

Adamsville relies upon T.C.A. § 64–1121 to subject the insurance proceeds payable to Rainey to its lien claim, which unquestionably is valid as to the Raineys and as to Continental. This section provides:

"Insurance proceeds subject to liens. —The proceeds of any insurance which by the terms of the policy are payable to the owner of real property improved, and actually received by or to be received by him because of the destruction or removal by fire or other casualty of an improvement on which lienors have performed labor, or for which they have furnished materials, shall, after the owner has been reimbursed therefrom for premiums paid by him, if any, for such insurance, be subject to liens provided by §§ 64–1101—64–1142 to the same extent and in the same order of priority as the real property would have been had such improvement not been so destroyed or removed. The proceeds of any insurance which by the terms of the policy are payable to a contractor or subcontractor, and actually so received or to be so received by him, shall, after such contractor or subcontractor has been reimbursed therefrom for premiums paid by him, if any, for such insurance, be liable for the payment of demands for labor or materials furnished by his order and for which he is liable in the same manner and under the same conditions as payments to him under his contract would have been had such improvements not been so destroyed or removed."

This section has been interpreted in a recent Tennessee case:

"The principle may be stated generally that anyone has an insurable interest in property who derives a benefit from its existence or would suffer a loss from its destruction, whether he has or has not any title in, or lien upon, or possession of, the property. By statute, an insurable interest in property has been defined as every interest in property or any relation thereto or liability in respect thereof which is of such a nature that a contemplated peril might directly damnify the insured."

"Many cases have held that a contractor who has agreed to construct, alter, or repair a building or other structure for a stipulated price has an insurable interest therein, whether the payment of the contract price is to be made in installments as the work progresses or upon completion of the job, at least where there is nothing in the contract exempting the contractor from the obligation to rebuild or complete the building or structure after damage or destruction. Likewise, persons furnishing materials for use in the construction of a building have an insurable interest therein."

"The owner of a building under construction has an insurable interest to the extent of its value, although the loss, in the absence of insurance, would fall on the contractor, and not on the owner. This is because the title to the land carries with it the title to the building as completed. Even where a building is being erected by a contractor for its owner on land owned by a third person, the owner of the building has an interest in the building insurable under a builder's risk policy."

Isabell v. Aetna Ins. Co., opinion of Tennessee Court of Appeals, Western Section, 9–22–71; cert. denied Tenn. Supreme Ct., 2–22–72, citing 43 Am.Jur.2d Sec. 466, p. 507 and Sec. 470, p. 511.

In the interest of doing justice as between the parties to this controversy, we hold that Continental under its homeowner's policy owes the Raineys the "actual cash value of the property at the time of loss . . . . not exceeding cost to repair or replace". We construe that value or amount to be $11,-760.00 and that Adamsville is entitled to these proceeds, less any amount Continental has previously paid thereunder to or for the benefit of F.H.A. or the Raineys, under T.C.A. § 64–1121. The effect of this decision would therefore be to eliminate any further claim of indebtedness from the Raineys to either F.H.A. or to Adamsville.

The further effect is to render F.H.A. whole for what it has advanced and to recognize its priority. The costs of the cause will be divided between Adamsville and Continental Insurance Company under all the circumstances. Let an order be entered accordingly.

### ORDER OVERRULING MOTIONS FOR A NEW TRIAL

Motions have been filed in this cause by Continental Insurance Company and by Adamsville Lumber Company for a new trial following entry of a Memorandum Opinion submitted by the Court and a judgment based thereon. The contro-

versy was originally instituted in the Hardin County Chancery Court as an action to establish and foreclose a materialmen's lien by a supplier of building materials against homeowners, their insurance carrier, and Farmers Home Administration, holding a construction mortgage on the property on which the structure was erected and completely destroyed by a fire on April 7, 1970. Later, plaintiff asserted by amendment other claims against the defendants in seeking to recover for the value of its materials and labor. After a hearing on the merits this Court has attempted to settle the controversy as between the parties.

I. Motion of Continental Insurance Company

The Court overrules the insurance company's motion based on its assertion that there was no evidence to support the Court's findings, conclusion, and judgment. For the reasons stated in the Memorandum Opinion, there was sufficient credible proof to sustain the findings and conclusions reached therein.

II. Motion of Adamsville Lumber Company, Inc.

Plaintiff complains and bases its motion on the Court's failure to award it 6% interest on its judgment from April, 1970, until entry of the judgment. The effect of the Court's action was to award plaintiff the amount of $4,772.76 out of insurance proceeds "in full balance of its recovery". Plaintiff has no further claim against defendant insurance carrier or defendant Rainey or F.H.A. It is, therefore, immaterial whether interest has been allowed on whatever amount, liquidated or unliquidated, that Adamsville Lumber Company claimed in this cause under its purported contract or for its services and supplies. Its motion for a new trial on this asserted ground is baseless.

Plaintiff also asks a new trial on the ground that the Court failed to declare a lien in its favor and has not ordered the subject property sold. For the reasons herein stated and for the reasons stated in our Memorandum Opinion,

plaintiff has failed to establish a lien against the defendants' property. Plaintiff is found not to be entitled to anything beyond the amount awarded it. This ground of its motion for a new trial is without merit.

The motions for a new trial filed by Adamsville Lumber Company, Inc., and by Continental Insurance Company are accordingly overruled.