443 F.Supp. 760 (1978)
Jimmy C. RAMSEY, Plaintiff,
v.
FARMERS HOME ADMINISTRATION and Ralph Gremard, Defendants.
No. S77-0021C.
United States District Court, E. D. Missouri, Southeastern Division.
January 10, 1978.
Michael Bagge, Bootheel Area Legal Assistance Program, Caruthersville, Mo., for plaintiff.
Robert D. Kingsland, U. S. Atty. by Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for defendants.

MEMORANDUM
MEREDITH, Chief Judge.
This matter is before the Court on the motion of defendant Farmers Home Administration for summary judgment. For the reasons stated below, defendant's motion will be granted.
This is a suit for breach of contract for failure to adequately inspect and supervise the construction of plaintiff's home. On November 21, 1975, the Farmers Home Administration (FmHA) granted a rural housing loan to plaintiff for $18,300, pursuant to Title V of the Housing Act of 1949, 42 U.S.C. § 1471, et seq. To secure the above promissory note, plaintiff executed a deed *761 of trust dated the same day, whereunder he mortgaged real estate owned by him in New Madrid County, Missouri. On November 26, 1975, plaintiff entered a construction contract with defendant Ralph Gremard, whereby Gremard was to construct the house for plaintiff for $17,810, the sum to be paid from the loan obtained from FmHA on November 21, 1975. Gremard was to pay suppliers of labor and materials.
Gremard's work was unsatisfactory. In addition, he failed to pay one of his suppliers, E. C. Barton, d/b/a Portageville Lumber Company. Thereupon, Barton filed a mechanics' lien against plaintiff's real estate in the amount of $4,910.39.
To satisfy Barton's lien, as well as pay for completion of the house, on November 24, 1976, plaintiff borrowed $4,350 from FmHA and signed a second promissory note in consideration for the second loan. This subsequent note was secured by a second deed of trust on the same real estate covered in the first deed of trust.
Then, on March 8, 1977, plaintiff filed this action against FmHA, certain FmHA officials and employees in both their official and individual capacity, and Gremard, the builder. On May 27, 1977, this Court dismissed plaintiff's claim against the employees of FmHA in their individual capacity. On October 20, 1977, defendant FmHA moved for summary judgment on the grounds plaintiff fails to state a claim upon which relief can be granted. It is this motion which the Court will now address.
The crux of plaintiff's complaint is that FmHA breached its contract with plaintiff because it failed to perform, or negligently performed its alleged contractual duties of inspection, assistance, and supervision of the construction of plaintiff's home. Plaintiff asserts defendant owed these duties to plaintiff because certain regulations, promulgated under 42 U.S.C. § 1471, et seq., were incorporated into the loan contracts. Defendant contends the regulations upon which plaintiff bases his cause of action are for the sole benefit of FmHA and do not give rise to any contractual duties to supervise and inspect for the benefit of the borrower. The Court agrees with defendant's interpretation of the regulations.
The right to inspect does not imply a duty to inspect. Kaminer Construction Corp. v. United States, 488 F.2d 980, (Ct.Cl.1973). Congress, in enacting the Housing Act of 1949, intended to benefit and protect only the Government. Adamsville Lumber Co. v. Rainey, 348 F.Supp. 373 (W.D.Tenn.1972).
The loan made in the instant case was authorized, pursuant to 42 U.S.C. § 1471(a), wherein it states that the Secretary of Agriculture, through the FmHA is authorized to "extend financial assistance". It does not authorize the Government to warrant a contractor's performance. The Court is unable to find any language in the statutes or applicable regulations which requires the Government to inspect and supervise the construction in a manner which would create a contractual duty enforceable by the borrower. In an unreported case nearly in point with the facts before this Court, the District Court of South Carolina concluded that the FmHA "made no commitment to go beyond a loan-making function." United States v. Alice T. Cannon, No. 76-1834, (S.C.1977). The Court further held the regulations which are incorporated into loan contracts between FmHA and borrowers are for the benefit of the United States Government.
For example, the regulations involved in Cannon, supra, and incorporated into the contract between plaintiff and FmHA provided that:
". . . supervision will be provided borrowers to the extent necessary to achieve the objectives of the loan and to protect the interests of the Government . . ." 7 C.F.R. § 1822.7(a).
"All loans made by FmHA are designed to assist individual borrower families to attain specific objectives. Therefore each borrower family will be provided the supervision necessary to achieve those objectives and to protect the financial interest of the Government." 7 C.F.R. § 1822.2(a).
*762 A plain reading of the above regulations leaves the Court with but one plausible conclusion: the regulations "protect the financial interest of the Government" and were not intended to create a right of action against the FmHA.
Furthermore, 7 C.F.R. § 1804.3(f) provides:
"Planning construction and land development and obtaining technical services in connection with the plans, specifications, and cost estimates are the responsibility of the applicant, with such assistance from the County Supervisor as may be necessary for the County Supervisor to be sure that the development is properly planned."
Also pertinent are section 1804.4(d), wherein it states that the "United States (including FmHA) will not become a party to a construction contract nor incur any liability thereunder," and section 1804.4(6)(i)(a), covering the understanding prior to the signing of the contract, wherein it is provided that the "contract is between the borrower and the contractor and that although the FmHA is interested in the proper execution of the contract, it will not become a party to the contract nor incur any liability thereunder."
It is, therefore, clear that since all persons affected by the regulations are charged with legal notice of their provisions, Adamsville, supra, and the above provisions disclaiming any liability were incorporated into both promissory notes and deeds of trust, plaintiff can have no cause of action for breach of a non-existent duty. Accordingly, summary judgment will be entered for FmHA.
The Court, upon a grant of summary judgment in favor of FmHA, further finds that it is without jurisdiction to hear plaintiff's complaint against the contractor, defendant Gremard, for the reason that jurisdiction for that claim was pendent upon the claim against FmHA. Therefore, the plaintiff's complaint against Gremard will be dismissed for lack of subject matter jurisdiction.